GEORGE G. PHELPS *vs.* JAMES S. DENNETT.

When a debt is discharged, by consent of the creditor, for less than its amount, a subsequent promise to pay it will not be binding.

Thus, where the defendant, in accordance with the terms of a compromise agreed upon between the parties, paid to the plaintiff the amount claimed of him except fifty dollars, and afterwards the defendant voluntarily gave the plaintiff his note for the fifty dollars remitted in their settlement, *Held*, there was no consideration for the note.

ON EXCEPTIONS.

ASSUMPSIT on a promissory note for fifty dollars by the payee against the maker.

The action was submitted to the presiding judge, reserving the right to allege exceptions to his rulings in matters of law.

The presiding judge found that there had been a controversy between these parties in relation to the payment of rent on certain real estate in Boston, of which they held a lease; that the plaintiff, in order to avoid a forfeiture, had paid the rent and then claimed repayment of the same amount from the defendant; that they finally agreed upon a compromise, whereby the defendant repaid the amount claimed from him, less fifty dollars; that after the execution of this agreement and they had entered into a written agree-

ment as to the future management of the leasehold estate, the defendant voluntarily executed and delivered to the plaintiff a note for fifty dollars remitted, which is the note in suit.

The presiding judge ruled, as matter of law, that there was a sufficient consideration for the note ; to which ruling the defendant alleged exceptions.

*Alvah Black*, in support of the exceptions.

*Geo. A. Wilson*, for the plaintiff.

WALTON, J. In 1841, the supreme court of the State of New York held that where a debt has been discharged by accord and satisfaction for less than its amount, there remains no such moral obligation to pay the balance as will support a subsequent promise to that effect; although the law was conceded to be otherwise of a discharge, which is not the mere act of the party, but by operation of law ; as, for example, an insolvent discharge. *Stafford* v. *Bacon*, 1 Hill, 532.

The propriety of this distinction has been questioned. In 1850, in a case before the supreme court of New Hampshire, the question was examined, and the decision in *Stafford* v. *Bacon* was shown to be in conflict with an earlier decision of the same court, and not very well sustained by the authorities cited in support of it. *Trumbull* v. *Tilton*, 21 N. H. 129.

But in this State, in a case decided in 1845, the decision in *Stafford* v. *Bacon* was cited with approbation, and the doctrine approved. That doctrine is, that where a debt is discharged by operation of law, a subsequent promise to pay it will be binding ; but when it is discharged by consent of the creditor, a subsequent promise to pay it will not be binding. *Warren* v. *Whitney*, 24 Maine, 561. The debt was fully discharged, although less than the whole sum was paid and accepted. R. S., c. 82, § 44.

Whatever may be our opinion of the propriety of such a distinction, we think the question must be regarded as now settled in this State, and no longer open for debate.

The promise relied upon in this suit falls within the latter class. It was a promise to pay the balance of a claim which had been discharged by consent of the creditor, and has no other consideration to support it than such previous indebtedness. Such a promise is not obligatory. *Exceptions sustained.*

*New trial granted.*

APPLETON, C. J.; CUTTING, KENT, BARROWS, and DANFORTH, JJ., concurred.