WILLIE E. CHITTENDEN *v.* JOEL WOODBURY.*

*Contract. Deed of Composition. Signing by Creditors. Arbitration. Award. Notice of Hearing. Waiver.*

By a deed of composition an insolvent debtor covenanted to pay his creditors a certain percentage on their respective claims, provided all creditors "came into the arrangement"; and his creditors severally agreed that if he would do so they would discharge their several claims. Certain of the creditors of a solvent firm of which the debtor was a member did not sign the deed. *Held*, that the contract did not require such creditors to sign; and that the provision of the contract requiring all creditors to sign was a condition of the debtor's, and not of the creditors', covenant.

Assumpsit by one of the creditors against debtor on promissory note. The deed recited that the debtor claimed to own certain bank stock which a certain bank claimed to hold as collateral security for a debt due from the debtor; and that it was agreed that A. should determine whether the pledge was valid—his decision to be final and "he to be furnished with the facts on the part of the creditors" and the holder of the stock. The amount of the dividend was to depend on the

* Heard at the February Term, 1879.

Chittenden *v.* Woodbury.

validity of that lien. Shortly before the dividend had to be made, a representative of the holder, one of the creditors, and the debtor laid the matter before A., and he determined that the lien was valid. Dividend was made accordingly. Plaintiff had no notice of the hearing before A., and did not attend. *Held*, not the duty of defendant to procure the award, and that if the award were invalid for want of notice to plaintiff, the deed was not thereby vitiated, as plaintiff had received all the dividend he was entitled to until he procured an award impeaching the lien of the holder of the stock.

Plea alleged that plaintiff, after being informed of the award and of the circumstances thereof, received his dividend and indorsed it on the note, but kept the note for the purpose of seeing if he could induce A. to reconsider, which he attempted but failed to do. *Held*, a waiver, if true, of the objection of want of notice.

ASSUMPSIT on a promissory note. Plea, general issue, and plea alleging settlement and discharge by a deed of composition wherein the plaintiff and the other creditors of the defendant covenanted to discharge their respective claims on payment of a certain percentage, and payment thereunder. Trial by jury, May Term, 1878, BARRETT, J., presiding.

The second plea set out the composition deed, which recited that the defendant was insolvent, and proposed to compound ; that among his assets were fifteen shares of stock in the First National Bank of Springfield, which were claimed to be held by the Springfield Savings Bank, as collateral security for a debt of $1,000, with interest thereon ; and that if the shares were not legally so held he agreed to pay each creditor seventy cents on the dollar of his indebtedness, " provided all creditors " should " come into the arrangement", otherwise so much less as such reduction of the assets might require. The deed, which was dated March 16, 1877, was further as follows:

Now we, the subscribers, creditors of the said Joel Woodbury, . . . do hereby severally promise, covenant, and agree that if the said Woodbury will pay us each our respective dividends, as above proposed, within thirty days from this date, we will release and discharge our several claims in full; and, on said payment of dividends, our said claims shall be fully discharged and released. And we further agree that whether the lien . . . of the Savings Bank be legal and valid or not be left to the arbitrament and decision of Luther Adams, . . . whose decision shall be final ; he to be furnished with the facts on the part of the creditors and trustees of the savings bank.

The plea alleged the submission of the question as to the validity of the lien of the savings bank to said Adams, and decision by

him in the affirmative. It also alleged that the plaintiff's attorney, after examining the award, and being informed of all the circumstances connected therewith, received the dividend to which the plaintiff was entitled under the deed, and indorsed it on the note, but kept the note only for the purpose of seeing if he could induce Adams to " reconsider and change his award ", which he attempted " but failed to do."

The defendant introduced evidence under his second plea, in cluding said deed and award. The plaintiff introduced evidence tending to prove that the defendant's creditors had not all signed the deed. The defendant thereupon introduced evidence tending to prove that the creditors who had not signed it were not his individual creditors, but the creditors of a solvent firm of which he was a member, and that his partner signed.

It was admitted that the plaintiff was not notified of the hearing before Adams, and did not attend. The plaintiff offered evidence tending to prove that as an inducement to him to sign the deed the defendant told him he would give him notice of that hearing. The evidence was objected to so far as it tended to vary the submission, but was admitted so far as it tended to raise any presumption of fraud. The defendant admitted that he told the plaintiff he would have such notice ; but said he was led to suppose the plaintiff did not intend to attend, and forgot to notify him. The defendant's evidence tended to prove that the presidents of said banks and the defendant together went to the office of said Adams some days before April 13, 1877, and there furnished him with all the facts on the part of the creditors and the savings bank. No other creditors were notified, and no others attended ; nor did the president of the Springfield bank appear for any creditor other than said bank ; but the interests of that bank were like those of the unrepresented creditors. It was contended for the plaintiff that the failure to notify the plaintiff was a fraud on him, and that having had no notice he was not bound by Adams's decision. The defendant contended that he was guilty of no fraud in the premises.

The court charged that the provision in the deed for a signing by all the defendant's creditors, referred to individual and not

partnership creditors; that mere failure to notify the plaintiff of the hearing would not render the deed invalid as against him; that if the arbitrator was furnished with the facts on the part of the creditors on one hand, and the trustees of the savings bank on the other, the failure to notify the plaintiff did not affect him injuriously; that if the failure to notify was designed on the part of the defendant as a means of depriving him of some right, he should be subjected to the consequences of having attempted a fraud; that if, on the other hand, the failure to notify was for the cause the defendant assigned, and if the failure did not result in a partial presentation of the facts, then the failure would not invalidate the deed.

To the ruling of the court and the foregoing charge the plaintiff excepted.

Verdict for the defendant.

*Gilbert A. Davis* and *A. M. Allbe*, for the plaintiff.

The deed of composition never became binding on the plaintiff, because not all creditors came " into the arrangement." Creditors of the firm were the defendant's creditors. *Dauchy* v. *Goodrich*, 20 Vt. 127 ; *Cooling* v. *Noyes*, 6 T. R. 263 ; *Spooner* v. *Whiston*, 8 Moore, 580 ; *Lewis* v. *Jones*, 4 B. & C. 506.

Notice to the plaintiff was essential to the validity of the award. Morse Arb. 117 *et seq.; Hollingsworth* v. *Leiper*, 1 Dallas, 161 ; *Crowell* v. *Davis*, 12 Met. 293 ; *Lutz* v. *Linthicum*, 8 Pet. 165 ; *Falconer* v. *Montgomery*, 4 Dallas, 232, and cases *passim.* It was not necessary for the submission to provide for notice. The right to notice sprang from the agreement to submit. *Elmendorf* v. *Harris*, 23 Wend. 628 ; *Peters* v. *Newkirk*, 6 Cow. 103.

The court erred in submitting the question of fraud to the jury. Without notice the arbitrator acquired no jurisdiction.

*William M. Pingry*, for the defendant.

The defendant did obtain the signatures of all *his* creditors. It was not necessary for the firm creditors to sign. But the provision for the signing of all was for the defendant—not for his creditors.

It is necessary, unless otherwise agreed, that parties should have notice and an opportunity to be heard ; but here it must be considered as having been otherwise agreed.    Otherwise the clause in the submission, " he to be furnished ", &c., would mean nothing, and agreements must be so construed, if possible, as to give effect to every part.    *Thrall* v. *Newell,* 19 Vt. 202.    Besides, the application of the money paid as a dividend was a waiver.

The verdict disposes of the question of fraud.


The opinion of the court was delivered by

REDFIELD, J.    This is an action on a note.    The defendant pleads in bar of the action that the plaintiff's claim had been settled and discharged by a composition deed in which the plaintiff and the other creditors of the defendant had covenanted under seal with the defendant to discharge this claim for a certain percentage, which had been paid to the plaintiff and accepted by him.

I.    The plaintiff claims that the deed is inoperative, because the creditors of a solvent firm of which defendant was a member, did not sign the deed.    We think the contract did not require them to sign the deed.    Besides, there is no provision in the contract that the creditors should be absolved from the contract, if all the creditors did not sign the deed.    The covenant on the part of the creditors is that " we, the subscribers, creditors of the said Joel Woodbury  .   .   do hereby severally promise, covenant, and agree, that if the said Woodbury will pay us each our respective dividends, as above proposed, within thirty days  .   .   .   we will release and discharge our several claims in full ; and on said payment of dividends, our said claims shall be fully discharged and released."    The defendant covenants to pay such dividend, " provided all his creditors " shall " come into the arrangement." This provision was a condition qualifying the defendant's covenants.    The creditors who signed the deed on the receipt of the dividend, " discharged and released their claims."

II.    The deed recited that the defendant claimed to own fifteen shares in the Springfield bank, and that the savings bank claimed

that said shares were pledged as collateral security for a thousand-dollar debt which the defendant owed the savings bank ; and that it was agreed that Luther Adams should determine whether such pledge was valid and legal, and that his decision should be final ; " he to be furnished with the facts, on the part of the creditors, and the trustees of the savings bank." The defendant had covenanted to pay the dividend within thirty days from the 16th of March, 1877. Whose was the duty of laying the facts on the part. of the creditors before Mr. Adams and procuring his determination of the *status* of the bank shares ? It was clearly not the duty. of the defendant. He had no interest in the question. When the thirty days were about to expire within which the defendant had agreed to pay the dividend, the trustees of the savings bank, who claimed the lien upon the bank shares, and the president of the national bank, which was a creditor, and the defendant laid the facts before Mr. Adams, and he determined that the lien was legal and valid. It is claimed that the award of Mr. Adams is invalid for the want of notice to the plaintiff. If that be conceded, it does not vitiate the deed. The plaintiff has received the full measure of dividend to which he is entitled, until he shall procure an award from Mr. Adams impeaching the lien asserted by the savings bank. But the plea alleges that the plaintiff received the dividend and indorsed it on the note, and kept the note only for the purpose of seeing if he could induce said Adams to " reconsider and change his award," which he attempted " but failed to do." If this is true, we think he waived all the objections upon which he now insists. It is undoubtedly true that an award, *inter partes*, without notice to the parties making the submission and without the opportunity to be heard, is void ; and so of any other judgment. But in this case the contract provided that Mr. Adams should determine the *status* of the bank shares. Whether the savings bank had a legal and valid lien upon said shares, was a mere incident provided for in the execution of the contract. Like a provision in an insurance policy that in case of loss certain men named shall determine the amount of the loss, or in a farm-lease where provision is made that certain men shall determine certain incidents of the husbandry ; if such men become in-

capacitated, or refuse to act, the contract is not thereby avoided. The plaintiff not only asks the court to disregard the determination of Mr. Adams, but to assume that the very reverse is the truth, and that without evidence. This, we think, would be an utter perversion of the contract.

*Judgment affirmed.*