WILLIAM C. BROWNING ET AL. V. JOHN B. CROUSE.

$$\begin{array}{cc} \overline{43} & \overline{489} \\ 69 & 104 \end{array}$$
$$\begin{array}{cc} 43 & 489 \\ 142 & {}^2420 \end{array}$$

*Accord without satisfaction—Establishing case.*

When a plaintiff in making out a case is compelled to establish an accord which has to be disposed of, he must show at least *prima facie* that there has been no satisfaction.

A defendant whose case involves proving an accord must follow it with evidence of satisfaction, or of some legal excuse for its absence.

In an action on a promissory note the plaintiff had to show, in explaining certain memoranda on the note, that a compromise had been made, but he claimed that as it had been only partly fulfilled he was entitled to recover in full. *Held* that as he did not show what the terms of the compromise were, or in what the default lay, he was only entitled to recover the amount remaining unpaid on the compromise sworn to.

Error to Superior Court of Detroit. Submitted April 28. Decided April 30.

ASSUMPSIT. Plaintiffs bring error.

*William S. Edwards* for plaintiffs in error. A satisfaction should be shown by express agreement, *Babcock v. Hawkins* 23 Vt. 563; 2 Story Cont. 542; Story Prom. Notes 426; a composition must be proven unequivocally and its terms should appear to have been complied with, 1 Addison Cont. §§ 380–400; 2 Dan. Neg. Inst. § 1288; 2 Chit. Pl. (16th ed.) 288; Chitty on Bills 386; *Cumber v. Wane* 1 Sm. L. C. 595; *Twitchell v. Shaw* 10 Cush. 48; *Warren v. Skinner* 20 Conn. 561; *In re Hatton* L. R. 7 Ch. 723; *Goldney v. Lording* L. R. 8 Q. B. 182; *Exp. Batson.* Mont. D. & DeG. 289.

*Griffin & Dickinson* for defendant in error.

COOLEY, J. This suit is brought upon promissory notes. The notes, when introduced in evidence, had memoranda on their backs, showing that there had been a compromise between the parties for a settlement of the notes at

fifty per centum of their amount, and that several payments had been made on the compromise. In the finding of facts in the case it is recited that the plaintiffs introduced evidence which tended to show that the defendant had compromised with all his creditors; that he had paid them all in full except the plaintiffs; and that he had not made his payments at the time required by the terms of compromise, but offered to pay the plaintiffs the balance due. It is further recited that the plaintiffs claimed that by his default in payment defendant had lost all his rights under the compromise, and that they were entitled to recover the full amount remaining unpaid on the original notes. The plaintiffs did not show when payments were to be made under the compromise, nor the particulars of the default. The defendant gave no evidence, and the court held that plaintiffs were entitled to recover only the amount appearing to remain unpaid on the compromise.

The ruling we think was right. The plaintiffs found it necessary to their case to explain the memoranda, and in doing so, they proved a compromise partly performed by defendant. The performance was by payments, received by them from time to time; and this showed either that it was a part of the agreement of compromise that payments should be thus made, or that if payment was to be made otherwise, the plaintiffs had waived strict compliance. But the plaintiffs gave no explanation further.

The case then was this: The plaintiffs proved the original contract, and they also proved that another had been conditionally, at least, substituted for it. Upon the new contract the parties to some extent had acted. The plaintiffs say the defendant had not performed it according to its terms, and therefore they were remitted to their original rights under the other. But they did not explain what the terms were that had not been complied with, or what the default consisted in, or show that they were not assenting. The judge trying the cause was entitled to information on these points, for he and

not the plaintiffs must judge whether the defendant is in default. To enable him to do this, he must be informed—*First*, what the terms of the compromise were, and *second*, what the facts are which are supposed to constitute a default. The memoranda upon the notes imposed upon the plaintiffs the necessity of giving this information, and their evidence fell short of the requirements of the case. Instead of proving a breach of the conditional arrangement, they gave evidence only that, according to the understanding of their witness, some undisclosed terms were not complied with; and upon this they insist that the compromise arrangement was at an end. This was making the witness judge the case instead of the court, or, what was equivalent, it was asking the court to decide the case upon the conclusions drawn by the witness from the facts as he understood them, instead of placing the facts themselves before the court.

The plaintiffs have treated the case as one of accord without satisfaction; and no doubt a defense of that sort must fail. *In re Hatton* L. R. 7 Ch. App. 723; *Goldney v. Lording* L. R. 8 Q. B. 182. If the course of the case had been such as to impose upon defendant the necessity of proving the accord, it would have been incumbent upon him to follow it with evidence of satisfaction, or of some legal excuse for not completing it; but when the plaintiff is compelled in making out his own case to get rid of an accord, his evidence should go far enough to make out at least a *prima facie* case against it.

The judgment must be affirmed with costs.

The other Justices concurred.