## SARAH M. SHAW v. MORGAN VAUGHAN.

### *Composition of creditors.*

A composition of creditors is not effective, under the Bankrupt Act, to discharge any portion of a debt unless the creditor's name and address and the amount of his claim were set forth in the statement made by the debtor at the meeting of creditors at which the resolution of composition was adopted, nor unless such resolution was recorded by order of the court which confirmed the composition.

Error to Eaton. (Hooker, J.) Jan. 14.—Jan. 15.

ASSUMPSIT. Plaintiff brings error. Reversed.

*Henry A. Shaw* for appellant.

*Wood & Maynard* for appellee.  Composition with
creditors, and confirmation thereof extinguishes the debtor's
‹liability and is equivalent to a discharge in bankruptcy..
*Smith v. Engle* 9 Chic. Leg. News 46 : 44 Iowa 265 ; *In re
A. Bechet* 12 N. B. R. 201 : 2 Woods 173 ; *In re Knight* 8
N. B. R. 436 ; *Beebe v. Pyle* 1 Abb. New Cas. 412 ; and the
discharge cannot be attacked in a collateral action.  *Bene-
dict v. Smith* 48 Mich. 593 ; Bump's Bankruptcy 727.

CHAMPLIN, J.   This suit was instituted by plaintiff before
a justice of the peace, where she obtained a judgment, and
the defendant appealed to the circuit court where a trial
was had and a written finding of facts and conclusions of
law were found by the circuit judge as follows :

" 1st.  The defendant was, previous and up to April 16,
1875, a banker doing business at Eaton Rapids, said bank
not being opened after the night of April 15th.

2d.  A few days before April 16, 1875, plaintiff applied
to have a draft cashed at the bank, said draft being drawn
in Australia, upon an English bank, and payable in gold,
which had a fluctuating value.

3d.  The cashier, one Ostorn, took the draft, agreeing to
send it to the correspondent of the bank, and to allow and
pay plaintiff whatever amount such correspondent should
credit draft, upon receiving advices from such correspondent.

4th.  Said draft was forwarded, and on April 14th, draft
received credit at Detroit for $65.50.

5th.  On the morning of April 15th, plaintiff's son in-
quired at defendant's bank about the matter, but was
informed that no advices had been received.

6th.  About 2 P. M. of the same day (April 15th) defend-
ant received advices from his correspondent.   A certificate
of deposit was thereupon filled out to plaintiff, which was
the usual custom of the bank where persons had no account.
This certificate was never delivered to plaintiff, nor has she
received anything upon said certificate or claim.

7th.  The plaintiff lived a  short distance from Eaton
Rapids, in the country.

8th.   Plaintiff's son called again for the money on April
16th, but found the bank closed.

9th.  Defendant for some years previous and up to the
time of his failure, had caused an entry of $10,000 to ap-
pear as a credit upon his books, which sum was fictitious,

and was done for the purpose of increasing his credit, but plaintiff did not know or act upon this fact.

10th. On April 13, 1876, proceedings in bankruptcy being pending against the defendant in the district court of the United States for the Western district of Michigan, an offer of composition was made by defendant, which was, on August 19, 1876, accepted and confirmed by two-thirds of his creditors in number, and one half in value, which proceedings were afterwards, in all things, duly confirmed by said court on the 29th day of August, 1876."

On the foregoing statement of facts the circuit judge found the following conclusions of law:

"1st. By the dealings between the parties plaintiff became a creditor of defendant on his receiving credit for said draft.

2d. By the composition with creditors and confirmation defendant's liability was extinguished.

3d. Judgment should be rendered in favor of the defendant for costs."

The defendant excepted to the findings of the court upon the facts and law, and insisted that plaintiff should have judgment for the amount of her claim.

Objection is made to the exception taken that it is too general and indefinite; that it identifies no proposition specifically, and points out no distinct error. We shall regard the exception taken as equivalent to an exception that the facts found by the circuit judge do not support the judgment. If the facts found do support the judgment it must be affirmed. It is somewhat difficult to determine from the findings the legal relations existing between these parties relative to the draft in question. We are inclined, however to agree with the circuit judge to the effect that she became a creditor of defendant, and that the obligation to pay the plaintiff the amount of the draft did not arise out of any fiduciary relations which are saved from being discharged under the Bankrupt Act.

The fact, then, that she became a creditor of defendant, and that the debt has not been paid, entitles her to a judgment, unless, under the facts found, the debt has been discharged under the provisions of the Bankrupt Act. Do the

facts found by the circuit judge in the tenth paragraph above quoted effect such discharge? It is not found that he received a discharge as an adjudicated bankrupt, but certain facts are set forth in the 10th clause of the finding relative to a composition in bankruptcy proceedings pending against defendant.

The Act of Congress, passed June 22, 1874, (18 Stat. at L., ch. 390, sec. 17,) provides a scheme by which an insolvent or bankrupt debtor may effect a compromise with his creditors. Without attempting to set out the provisions of this law in detail, it is deemed sufficient for our purpose to refer to some of the more prominent features of the Act. It contemplates the passage of a resolution for composition, containing the proposal of the debtor; to be operative it must be passed by a meeting of his creditors who constitute a majority in number and three-fourths in value, and must be confirmed by the signatures thereto of the debtor and two-thirds in number and one-half in value of all the creditors of the debtor. Such resolution, together with the statement of the debtor as to his assets and debts, must then be presented to the court, and the court must, upon notice to all the creditors of the debtor, and upon hearing, inquire whether such resolution has been passed in the manner directed by said section; and if satisfied that it has been so passed, it shall, subject to the provisions hereinafter contained, cause such resolution to be recorded, and statement of assets and debts to be filed; and until such record and filing shall have taken place, such resolution shall be of no validity. And the section provides that "the provisions of a composition accepted by such resolution, in pursuance of this section, shall be binding on all the creditors whose names and addresses and the amounts of the debts due to whom are shown in the statement of the debtor produced at the meeting at which the resolution shall have been passed, but shall not affect the rights of any other creditors."

The foregoing reference to the statute shows how far short the facts found by the court come of constituting a legal discharge of the debt due to plaintiff. It has been held

that the section should receive a strict construction, because it is in plain derogation of common right. It compels the dissenting minority of creditors to accept just so much on their claims as the debtor and the requisite majority of the creditors resolve that all shall accept. *In re Shields* 15 N. B. R. 532. In order to show the debt admitted to exist is discharged, the facts should be found showing, at least, a substantial compliance with the law. The finding of the court below did not show that plaintiff's name and address and amount of her claim were embraced in the statement of the debtor produced at the meeting at which the resolution was passed; and if it was not, the law expressly saved her rights, and she was not in the least affected by the composition. Nor does the finding show that the resolution was ever recorded. Until it was, such resolution was of no validity. In short, the finding fails to show that this debt was barred or discharged, and consequently the facts found by the circuit judge do not support the judgment rendered in the court below.

That judgment is therefore reversed, and the plaintiff will be entitled to a judgment here for the one hundred and five dollars damages, and costs of both courts.

The other Justices concurred.