JOHN HARRISON v. HENRY GAMBLE.

*Bankruptcy—Composition with creditors—Action upon original debt.*

1. Composition proceedings, had under section 17 of the bankrupt act in force in 1874, were in the nature of accord and satisfaction, and the effect of a resolution duly passed, confirmed, filed, and recorded was that the creditors bound thereby agreed to accept a composition or part of the debt in discharge of the whole.

2. In a suit by a creditor affected by composition proceedings under the bankrupt statute, brought *before* the expiration of the time for performance by the terms of the composition, the defendant need only plead the proceedings to and including the record of the resolution; but if brought *after* the expiration of such time, and the plaintiff can make out his case without showing the composition, the defendant must not only set up such proceedings in bar, but he must aver performance on his part, or a sufficient excuse for non-performance. *Browning v. Crouse*, 43 Mich. 489.

3. In order to bind a *non-assenting* creditor by composition proceedings, and to operate as a discharge of his debt, a strict compliance with the requirements of the statute is essential.

4. It is not a compliance with the statute regulating composition proceedings to state that the residence of the creditor is unknown, and if the address is not given, the debt is not affected.

5. The general rule has long been established that a mere agreement to accept a composition, or part of a debt in discharge of the whole, will not operate as a release of the debt if the composition is not duly paid, and this same principle has been applied under composition in bankruptcy.

6. To be discharged from liability for debts included in a bankrupt's statement, he must pay or tender *unconditionally* to his creditor the composition payable upon the admitted debt, giving the creditor the opportunity of accepting or rejecting it; and, failing so to do, he cannot, in an action by the creditor, avail himself of the composition arrangement.

Error to Saginaw. (Gage, J.) Argued February 8, 1888. Decided March 2, 1888.

*Assumpsit.* Plaintiff brings error. Reversed, and judgment entered for plaintiff. The facts are stated in the opinion.

*C. J. Willett,* for appellant.

*Tarsney & Weadock,* for defendant.

CHAMPLIN, J.    This action is brought to recover the amount of a judgment recovered by the plaintiff against the defendant, on the thirteenth day of December, A. D. 1875, in the circuit court for the county of Saginaw, for $137.29, and $21 costs.

The defense is the general issue, with a notice that the defendant would show, in bar of the action, a composition had in the district court of the United States for the Eastern district of Michigan, in bankruptcy.

The notice set out the filing by defendant of his petition to be adjudicated a bankrupt; and subsequent thereto the filing of his proposition for composition with his creditors, which is set forth in full, the acceptance thereof by the requisite number and amount, and the confirmation thereof by the signatures of the requisite number and amount, of his creditors, the filing and recording of the resolution, and the order of the court granting him a final discharge of all his debts provable against his estate, which existed on the twenty-eighth of August, 1878, being the day on which the petition for adjudication was filed, excepting such debts, if any, as are excepted by said act from the operation of the discharge in bankruptcy. The notice then alleged that the judgment of plaintiff was not for any debt that had been created in consequence of any defalcation as a public officer, or an executor, administrator, guardian, trustee, or while acting in any other fiduciary character.    There is no allegation in the notice that defendant carried out or fulfilled the terms of the composition resolution on his part.

The cause was tried before the circuit court for the county, without a jury, and the circuit judge made and filed special findings of facts and law, and gave judgment for the defendant.

The first and second findings specify the recovery of the judgment declared upon, and its binding force unless barred by the composition.

The third finding is as follows:

"That on August 28, 1878, the said defendant filed his petition in the United States court, in bankruptcy, for the Eastern district of Michigan, in which he prayed to be adjudged a bankrupt, and that he might have a certificate of discharge; that to his petition were attached the usual and proper schedules as required by law; that the name of the said plaintiff, together with the amount of his claim against said Gamble, together with his address given as unknown, was contained in and appeared in the original schedule of creditors attached to said bankrupt's petition, in which he prayed to be adjudicated as a bankrupt."

The fourth finding sets forth the reference of the petition to a register in bankruptcy, and the fifth states that the defendant was adjudged to be a bankrupt by the register on the twenty-ninth day of August, 1878.

The sixth states that on August 30, 1878, defendant filed a petition praying that a meeting of his creditors be called for the purpose of acting on a composition proposed by defendant.

The seventh states the making of an order by the district court, on the thirtieth day of September, 1878, referring the matter to a register to take charge of the matter, to call and preside at the meeting, and report the result to the court.

The eighth sets forth the calling of the meeting of the creditors for the purpose of considering a composition to be proposed by defendant in satisfaction of his debts, in accordance with the provisions of section 5103 of the Revised Statutes of the United States, as amended by section 17 of the

act of Congress approved June 22, 1874, due notice of which meeting was given according to law.

The ninth finding is as follows:

"That the said defendant was present at said meeting, and answered all inquiries made of him, and presented to the creditors present a statement of the whole of his assets and debts, and the names and addresses of the creditors to whom such debts were due, verified by his oath; that the name of said plaintiff, together with the amount of his claim, and nature of said claim, and his address given as unknown, was contained in said statement last above mentioned. Said bankrupt also submitted a proposition for a composition of his debts, viz.: Said bankrupt to pay ten cents on the dollar of his indebtedness, on all sums of $200.00 or under, in cash, as soon as such composition is effected, and all sums over $200 with the commercial paper of said bankrupt, and indorsed by Patrick M. Gamble, of Detroit, payable one-half in six and one-half in nine months, with interest at seven per cent. per annum.

"That the said register then submitted to the creditors present the question whether the said proposition for a composition should be accepted, and that a majority in number of all creditors assembled, each of whose claims exceed the sum of fifty dollars, and three-fourths in value of all creditors assembled at said meeting, voted to accept said proposition, and that said register declared said composition resolution adopted."

The tenth finding states that the composition was afterwards legally confirmed by the signatures of two-thirds in number and one-half in value of all the creditors of said Gamble who had proved their debts.

The eleventh states that the register filed his report January 2, 1879, and notice was legally served upon all the creditors of the bankrupt that the bankrupt court would, on the fourteenth day of January, 1879, inquire into and determine whether said resolution of the creditors of said debtor, accepting his proposition for composition of his debts, had been passed in the manner directed by the bankrupt act as amended, and that a motion would be made for recording said composition.

The twelfth, thirteenth, and fourteenth findings were as follows:

"12. That afterwards, on, to wit, the twenty-first day of January, 1879, the said court in bankruptcy ordered and declared said resolution for composition with said defendant of record, and that the composition resolution was legally recorded in accordance with the provisions of said bankruptcy law, and confirmed the said report of said register in bankruptcy with reference to said composition with defendant's said creditors.

"13. That afterwards, on, to wit, the twenty-second day of March, A. D. 1880, said defendant filed his petition in said court and cause for a discharge from all his debts provable against him at the date of filing his said petition; that in his said petition so filed as aforesaid said defendant stated that he had paid all his creditors in pursuance to said composition, except those in a schedule thereto attached, whose dividend under said composition aggregated $101.64, which said amount was deposited with the clerk of said court to be paid to said creditors; that the name of said plaintiff was not in said schedule; that said defendant in his said petition offered to obey any further order of said court.

" That afterwards, and on the twenty-second day of March, said court entered an order in said cause, referring the matter of said petition last aforesaid to Thomas M. James, one of the registers of said court, to ascertain the truth of the facts therein stated, and for the taking of proofs as to the payment of said defendant's creditors, and each and all of them, as provided in said composition, and that he report the same to said court as to whether the terms of said composition and deposit with the clerk of said court had been complied with, and his opinion thereon.

" That subsequently, and on, to wit, the seventeenth day of April, said register in bankruptcy, after taking due proofs, among others the affidavit of said defendant, wherein he made oath as follows:

"'If there are any debts due by me to any person or persons not set out in my schedule and the amended schedules, or if any debts mentioned in said schedule were incorrect in amount, I do not know it. Any such errors were simply mistakes, and crept into my books and statements like any other error; they were not intentional. I firmly believe I have set out all my indebtedness in said schedules correctly, and have paid all who claimed their money the sums agreed to be paid to them in my proposition for composition.'

" Said register in bankruptcy reported to said court that said defendant had complied with said composition, and paid all of his creditors except ten. A list of said unpaid creditors and the amounts due them, together with the receipts for the claims paid, were attached to said report.

"That no receipt from plaintiff was among the receipts, and that his name did not appear on the list of unpaid creditors, and said register reported that the money to pay the unpaid creditors had been deposited with the clerk of said bankruptcy court, to be paid to said creditors, with the exception of the proportion to which said plaintiff was entitled under said composition, which was not deposited and has not been paid. Said register also reported that, in his opinion, said defendant had complied with said composition, and should receive his discharge.

"14. That afterwards, on the twentieth day of April, 1880, the said court in bankruptcy, by its certain order and decree entered therein, discharged the said defendant from all debts and claims provable against his estate, and which existed on the twenty-eighth day of August, 1878."

From the facts found, the court decided, as matter of law that the composition of said defendant with his creditors was fully and legally carried out, and that the plaintiff is bound thereby, and the judgment barred by the composition proceeding.

The bankruptcy act, in force in 1874, was amended by the act of June 22 of that year, by providing in section 17 for a composition between a debtor, by or against whom a petition had been filed for adjudication as a bankrupt, and his creditors. The provisions of this section are substantially the same as that of section 126 of the English bankrupt act of 1869 (32 & 33 Vict. chap. 71, § 126), and, so far as necessary to quote for the purposes of this case, read as follows:

" That in all cases of bankruptcy now pending, or to be hereafter pending, by or against any person, whether an adjucation in bankruptcy shall have been had or not, the creditors of such alleged bankrupt, may, at a meeting called under the direction of the court, and upon not less than ten days' notice to each known creditor of the time, place, and purpose of such meeting,—such notice to be personal or other-

wise, as the court may direct,—resolve that a composition proposed by the debtor shall be accepted in satisfaction of the debts due to them from the debtor; and such resolution shall, to be operative, have been passed by a majority in number and three-fourths in value of the creditors of the debtor assembled at such meeting, either in person or by proxy, and shall be confirmed by the signatures thereto of the debtor and two-thirds in number and one-half in value of all the creditors of the debtor. And in calculating a majority for the purposes of a composition under this section, creditors whose debts amount to sums not exceeding fifty dollars shall be reckoned in the majority in value, but not in the majority in number. And the value of the debts of secured creditors, above the amount of such security, to be determined by the court, shall, as nearly as circumstances admit, be estimated in the same way; and creditors whose debts are fully secured shall not be entitled to vote upon or to sign such resolution without first relinquishing such security for the benefit of the estate.

"The debtor, unless prevented by sickness or other cause satisfactory to such meeting, shall be present at the same and shall answer any inquiries made of him, and he, or, if he is so prevented from being at such meeting, some one in his behalf, shall produce to the meeting a statement showing the whole of his assets and debts, and the names and addresses of the creditors to whom such debts respectively are due.

"Such resolution, together with the statement of the debtor as to his assets and debts, shall be presented to the court; and the court shall, upon notice to all the creditors of the debtor of not less than five days, and upon hearing, inquire whether such resolution has been passed in the manner directed by this section; and, if satisfied that it has been so passed, it shall, subject to the provisions hereinafter contained, and upon being satisfied that the same is for the best interest of all concerned, cause such resolution to be recorded, and statement of assets and debts to be filed; and until such record and filing shall have taken place, such resolution shall be of no validity. And any creditor of the debtor may inspect such record and statement at all reasonable times.

\*      \*      \*      \*      \*      \*      \*      \*

"The provisions of a composition, accepted by such resolution in pursuance of this section, shall be binding on all the creditors whose names and addresses, and the amounts of the debts due to whom, are shown in the statement of the debtor, produced at the meeting at which the resolution shall have

been passed, but shall not affect or prejudice the rights of any other creditors."

The plaintiff claims that the judgment is erroneous for three reasons:

1. The notice of matters set up in bar was insufficient to admit proof of the composition proceedings, for the reason that it does not allege performance, or tender of performance, of the composition resolution on the part of defendant.

2. That the plaintiff, not having been found by the court to have been present at any of the meetings at which the resolution was passed, nor having assented to the terms of the composition, was not bound by it, because his address was not given either in the schedule of creditors attached to his petition, or in his statement made to the creditors of his debts at the meeting called to act upon the resolution for composition.

3. The composition resolution not having been performed by a payment or tender of payment, or anything equivalent thereto, action may be brought upon the original indebtedness, which, in this case, had become merged in the judgment.

1. Composition proceedings under this statute are in the nature of accord and satisfaction. The effect of a resolution duly passed, confirmed, filed, and recorded is that the creditors agree to accept a composition or part of the debt in discharge of the whole, as to such creditors who are within the purview of the act. If, therefore, the suit be brought by a creditor affected by the composition before the time has expired in which performance might be made by the terms of the composition, the defendant need only plead the proceedings to and including the record of the resolution. *Capes v. Ball*, L. R. 8 Exch. 186, 42 Law J. Exch. 122. But if the action is after the time has expired for performance, and the plaintiff can make his case without relying upon or showing the composition, the defendant must not only set up the composition proceedings in bar, but he must aver performance on his part, or sufficient excuse for non-perform-

ance.  *Browning v. Crouse*, 43 Mich. 489 (5 N. W. Rep. 664), and cases cited in the opinion.

2. The statute is explicit,—

*a*—In requiring the debtor to make a statement to the meeting of the creditors called for the purpose of acting on his proposition, "showing the whole of his assets and debts, and the names and addresses of the creditors to whom such debts respectively are due."

*b*—In providing that "the provisions of a composition, accepted by such resolution in pursuance of this section, shall be binding on all the creditors whose names and addresses, and the amounts of the debts due to whom, are shown in the statement of the debtor, produced at the meeting at which the resolution shall have been passed, but shall not affect or prejudice the rights of any other creditors."

In order to bind a non-assenting creditor, and to operate as a discharge of his debt, a strict compliance with the requirements of the statute is essential.

It was held in *Macdonald v. Chesney*, 50 Law J. Q. B. 87, under section 126 of the bankruptcy act of 1869, that a debtor must, in order to bind a non-assenting creditor by a composition, show in his statement the whole of every debt due to the creditor, so that, if the debtor states one and omits another of his debts, the creditor is not bound in respect of the debt stated.  And in *Breslauer v. Brown*, L. R. 3 App. 672, it was held that the conditions respecting the statement of the names and addresses of the creditors which a debtor, seeking to obtain a composition under section 126 of the act of 1869, is bound to make, are for the benefit of the creditors, not of the debtor.

In a subsequent case, where a debtor, in his statement presented at the meeting of creditors, set down the defendants as his creditors for a certain amount, but set down a second debt really due to them as due to some one else, and the defendants attended the meeting, tendered proof of the second debt, which was admitted, took part in the discussion, opposed the resolution for a composition, and, when it was

carried, declined to accept the composition,—it was held that the defendants were not bound by the resolution for composition as to this debt, because the debtor had not complied with the requirements of section 126 of the bankruptcy act, and that there had been no waiver by the defendants. *Oppenheim v. Jackson,* 48 Law J. C. P. 441, 49 Id. 216. So, where the debt was stated to be £142 7s. 3d., when it was in fact £143 12s. 9d., it was held that the amount of the debt was not correctly shown in the statement, and the composition was no bar to the creditor's action to recover the full amount of his debt. *Burliner v. Royle,* 5 C. P. Div. 354, 43 Law T. (N. S.) 254. Other cases might be added to show the strictness to which the debtor is held under a law similar to that under consideration, but these are sufficient.

It is not a compliance with the statute to state that the residence of the creditor is unknown. This is authorized where the proceedings are in the regular course of bankruptcy. There the creditor is not affected. His rights are fully protected by the fact that all of the debtor's property passes to the assignee in bankruptcy, to be distributed ratably among all the creditors. In composition proceedings it is different. The debtor makes his proposal, and the passing of the resolution by the requisite vote binds such, and such only, of the creditors whose debts, names, and addresses are given, and the minority are obliged to accept what the requisite majority in number and amount agree shall be paid. If the address is not given the debt is not affected. Such a creditor comes within the clause of the statute which provides that the composition " shall not affect or prejudice the rights of any other creditors." *Shaw v. Vaughan,* 52 Mich. 405 (18 N. W. Rep. 126).

3. The general rule has long been established that a mere agreement to accept a composition, or part of a debt in discharge of the whole, will not operate as a release of the debt if the composition is not duly paid. *Ex parte Bennet,* 2

Atk. 527; *Ex parte Vere,* 19 Ves. 93; *Ex parte Bateson,* 1 Mont. D. & D. 289; *Ex parte Crosbie,* 2 Mont. & A. 393; *Ex parte Powell,* Id. 533.

The same principle has been applied under composition in bankruptcy. Thus it was held in *Newell v. Van Praagh,* 43 Law J. C. P. 94, L. R. 9 C. P. 96, that the non-payment by a debtor of a composition according to the terms of a resolution passed pursuant to the 126th section of the bankruptcy act of 1869 revives, not only the debt, but also the rights and remedies of the creditor in respect thereof, as they would have existed if no such composition had been agreed to. Where a composition was that notes should be given, payable in installments, notes were given, due in three, six, and twelve months, payable at the bank, and receipts were given by the creditors expressing it to be in "discharge of their debts." The first note was presented at the bank at maturity, and dishonored. It was held that the plaintiffs were remitted to their right to sue for their original debt, the mere giving of the notes without payment not being satisfaction within the terms of the resolution or receipt. *Edwards v. Hancher,* 1 C. P. Div. 111.

So, in the case of *Tea Co. v. Jones,* 43 Law T. (N. S.) 255, the debtor in his statement inserted the plaintiffs' debt at £150. The resolution for composition passed, and was duly registered. The plaintiffs did not attend the meeting, of which they had due notice, nor did they assent to the amount alleged in the debtor's statement to be due them, but claimed and sent in proof of a larger sum. No tender or offer to pay to plaintiffs the composition upon the admitted debt was ever made. Plaintiffs brought an action to recover the full amount of their claim. It was held that owing to the defendant's omission to tender to the plaintiffs, or to deliver to the trustee, the composition to which he admitted the plaintiffs were entitled, the plaintiffs were in a position to maintain the action for the full amount of their admitted original debt.

Held, also, by Hawkins, J., that it is not enough for a debtor to say to his creditor:

" I am ready and willing to pay your composition upon the debt I admit, if you are content to receive it as a composition upon the amount due to you, or when we can agree upon the sum upon which the composition is to be calculated."

To be discharged for liability for debts included in his statement, he must pay or tender unconditionally to his creditor the composition payable upon the admitted debt, giving the creditor the opportunity of accepting or rejecting it; and, failing to do so, he cannot, in an action by the creditor, avail himself of the composition arrangement. See, also, *In re Hatton,* 7 Ch. App. 723; *Goldney v. Lording,* L. R. 8 Q. B. 182; *Ex parte Gilbey,* 8 Ch. Div. 248; *Edwards v. Coombe,* L. R. 7 C. P. 519; *Erskine v. Moreland,* 10 Ir. C. L. 243; *Ex parte Worthington,* 34 Law T. (N. S.) 951.

The same rule has been held under the provisions of the law in question. *In re Hurst,* 13 N. B. R. 455; *In re Reiman,* 11 Id. 21, 13 Id. 128, 12 Blatchf. 562.

It is not found by the circuit judge that the debt due to the plaintiff, or the amount due by the composition, has ever been paid or tendered to the plaintiff, but, on the contrary, the finding plainly shows that nothing whatever was done by the defendant except to include the plaintiff in his statement as a creditor for a specified amount, and he has otherwise utterly ignored both him and his debt. He was not even included in the list of unpaid creditors, the amount due to whom was paid into the registry of the court. There is nothing to prevent plaintiff from recovering his judgment in this action. It does not attack the regularity or binding force of the proceedings in the bankruptcy court upon those creditors who, under the statute, are bound by the proceedings.

The circuit judge found that, if the judgment was not barred by the composition, the amount due plaintiff at the time of trial was $288.57.

Let judgment of reversal be entered, and a judgment entered here in favor of plaintiff and against defendant for $288.57, with interest from June 13, 1887, with costs of both courts.

The other Justices concurred.