## RASMUSSEN V. STATE NAT. BANK.

Where an insolvent debtor makes with his creditors a composition agreement, whereby each was to accept a part of his debt for his whole claim, and execute and deliver to the debtor a release of the

balance due, the unpaid part of such debt does not constitute a sufficient consideration for a new note, drawn after the agreement has been fully carried out by the parties.

*Error to Arapahoe County Court.*

THE facts are stated in the opinion.

Messrs. BULLICK, HARDENBROOK and DIXON, for plaintiff in error.

Messrs. BENEDICT and PHELPS, for defendant in error.

RISING, C. The defendant below, Rasmussen, on the 2d day of April, 1883, made, executed and delivered to the plaintiff below his two promissory notes — one for $400, due five months after date, and one for $375, due six months after date,— and these notes are set out in the complaint as plaintiff's third and fourth causes of action. Defendant, for answer to these causes of action, alleges that, being in failing and insolvent circumstances, he made a general assignment for the equal benefit of all his creditors, and then made a composition with his creditors, by the terms of which he agreed to pay them, and each of them, fifty cents on the dollar of their respective claims, to be paid partly in cash and partly by his indorsed notes; and his said creditors were each to accept such part payment in full satisfaction and discharge of their respective claims. That defendant, in pursuance of said agreement and composition, paid to his said creditors, respectively, and in particular to the plaintiff, thirty cents on the dollar, and gave them his promissory notes for twenty cents on the dollar; and thereupon said creditors, and among the others the plaintiff, in consideration of said cash payments and notes, signed, sealed, executed and delivered to defendant their several releases, acquittances and discharges to the defendant of the balance of their said respective claims. The plaintiff's replication admits defendant's insolvency, and the making of the

assignment by him for the benefit of his creditors, and denies all other allegations of the answer. The replication also sets up affirmative matter, which need not be set out, as there is no evidence in support thereof.

On the trial the defendant testified in his own behalf, and at the conclusion of his testimony the plaintiff moved the court to strike out the same, on the ground that it constituted no defense to the action, and because such testimony was not admissible under the pleadings; upon which motion the court ruled as follows: "I have come to the conclusion that I will have to disregard this testimony, on the ground that it constitutes no defense, in so far as it tends to show want of consideration." This ruling of the court is assigned for error. There is sufficient evidence from which the court might have found that the allegations of the answer were proven, but the ruling of the court precluded any consideration of the evidence in support of the defense of want of consideration, set up in the answer, and was evidently based upon the assumption that the facts set up in the answer were insufficient to constitute such defense. By this ruling the question is raised whether, when a creditor has, with all the other creditors, made with the debtor a composition agreement to accept a part of his demand in full of the whole, the unpaid part will form a sufficient consideration to support a new promise by note, made after said composition agreement has been fully carried out between all the parties. It seems to be a well-settled rule of law, that, when a composition agreement has been entered into between the creditors of an insolvent debtor and such debtor, that, in consideration of the payment of a part of the respective claims of such creditors, they will accept such payment of a part in full satisfaction of the whole, and will release and discharge the debtor from all obligation to pay the balance, and such agreement has been carried out by the payment of the part agreed upon by the debtor, and the acceptance of such payment

by the creditors, the transaction amounts to an accord and satisfaction of the claims of the creditors, and such claims are extinguished. *Stafford v. Bacon*, 1 Hill, 532–538; *Snevily v. Read*, 9 Watts, 396–400; *Trumball v. Tilton*, 21 N. H. 128–143; *Montgomery v. Lampton*, 3 Metc. (Ky.) 519; *Shepard v. Rhodes*, 7 R. I. 470–474; *Chittenden v. Woodbury*, 52 Vt. 562–566; *Browning v. Crouse*, 43 Mich. 489. After a claim has been extinguished by an accord and satisfaction, there is nothing left to form a consideration for a promise thereafter made to pay any portion of the claim that has been extinguished. An extinguished claim does not exist for any purpose. It is well settled that a mere moral obligation does not constitute a valid consideration for a promise, and the cases which seem to be exceptions to this rule are cases in which the provisions of some positive law had interposed to prevent the enforcement of the payment of a just and legal claim, and where the debtor has waived his right to the protection afforded him by the law, by making a contract for the payment of such legal claim, and which contract did not come within the provisions of the law protecting him against the enforcement of the original claim. 1 Pars. Cont. 434. A claim so promised to be paid, having never been satisfied or extinguished by the voluntary act of the creditor or otherwise, may well be said to form a sufficient consideration for a promise to pay it; such promise being based upon an existing indebtedness. As there was no existing indebtedness at the time the notes in controversy were given, there was nothing upon which to base a moral obligation. The court erred in its ruling upon plaintiff's motion to strike out the testimony of the defendant.

Counsel for defendant in error contend that the evidence in the case is wholly insufficient to overcome the plaintiff's case. We infer from this argument that counsel assume that the ruling of the court upon the plaintiff's motion to strike out the testimony of defendant, if

error, is error without prejudice, and that this court should so hold; that is, that if it clearly appears from a consideration of all the evidence that defendant failed to establish any defense to the action, he cannot possibly be prejudiced by the ruling of the court. In support of this view, it is claimed by counsel for defendant in error that the fact, appearing from the evidence, that plaintiff in error paid to some of his creditors sums in excess of fifty cents on the dollar, shows that there was no general arrangement or composition between him and his creditors, but that he made a settlement with each creditor individually, upon such terms as he could obtain. There is not only no evidence to support this claim, but there is evidence showing that the arrangement was one that included all the creditors upon the same terms, and that it was decided upon at a creditors' meeting; and it expressly appears, from evidence that is not contradicted, that the plaintiff in error made no attempt to make any settlement with the defendant in error individually. No question of fraud is raised by the pleadings, nor upon the argument. The contention of defendant in error is not warranted by the evidence. The judgment should be reversed.

DE FRANCE and STALLCUP, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment is reversed and the cause remanded.

*Reversed.*