## Case No. 10,427.

### In re ODELL et al.

[9 Ben. 247;[1] 16 N. B. R. 501.]

District Court, S. D. New York. Nov. 27, 1877.

COMPOSITION NOT A DISCHARGE—JURISDICTION—EXPENSES.

1. The mere fact that a bankrupt has been refused a discharge on a specification of objection, is not an absolute bar to a composition.

[Cited in Re Troth. Case No. 14,188; Re Joseph, 24 Fed. 138.]

2. A composition is not a discharge.

[Cited in brief in Clay v. Severance, 55 Vt. 302; First Nat. Bank of St. Albans v. Wood, 53 Vt. 493; Scott v. Olmstead, 52 Vt. 212.]

3. The pendency of a petition to review an order refusing a discharge does not deprive the court of jurisdiction to entertain proceedings for a composition.

4. In confirming a composition, the court ordered the bankrupt to pay to a creditor who opposed it his expenses and disbursements, other than counsel fees, in successfully opposing a prior application of the bankrupt for a discharge.

[In the matter of Albert S. Odell and Edgar Odell, bankrupts. See Case No. 10,426.]

G. A. Seixas, for bankrupts.
E. Mitchell, for creditor.

BLATCHFORD, District Judge. The mere fact that the bankrupts have been refused a discharge in bankruptcy, on a specification of objection, for a cause set forth in section 5110 [Case No. 10,426], is not an absolute bar to a composition. A discharge discharges a bankrupt from his debts, whether there are or are not any assets for distribution. Under a composition, a sum of money is paid in satisfaction of the debt. The debts are not discharged; they are paid and satisfied with the assent of the creditors. The resolution of composition, when confirmed by the court and recorded, is the resolution of all the creditors, and they all accept what is paid in satisfaction of their debts by their own voluntary assent, expressed in the manner specified, whether their names are found as assenting or not, and whether the amount paid be the full debt or less. A composition not being a discharge, the provisions of section 5110 in regard to a discharge do not apply to a composition; nor does the fact that a petition to review the order of this court refusing a discharge is pending in the circuit court, deprive this court of jurisdiction to entertain proceedings for a composition. Under the statutory provisions for composition, the case in bankruptcy is still pending in this court, although such petition of review is pending in the circuit court. A rule of this court, made April 25th, 1877, provides, that "a cause in bankruptcy is not deemed to be finally disposed of until an order is entered in

the district court declaring its termination."

The objection as to the proof of debt and note of J. H. & C. S. Odell was not taken in the course of the composition proceedings, or in such manner or at such time that they could be heard in regard to it. It was not objected to when offered. The same observations apply to the objection to the letter of attorney of J. H. & C. S. Odell.

The proposed composition is five per cent., in money, on about $25,000, or about $1,250. There is no evidence that this is not as much as the assets can be expected to realize. The only creditor who opposes the composition is the creditor who successfully opposed the discharge. The creditors seem to be acting in good faith, for their own interests. There seem to be no assets of any value, and no probability of any dividend through an assignee in bankruptcy. The case is not like that of In re Hannahs [Case No. 6,033], in this court. There the composition proposed was one-half of one per cent., and it was clearly an attempt by friendly creditors, without any real benefit to themselves, to give to the bankrupt a satisfaction of his debts.

But I think the bankrupts must, as a condition of the confirmation of the resolution and before it is confirmed, pay to the opposing creditor, Bechet, her expenses and disbursements, other than counsel fees, in opposing the discharge.