In re JERSEY ISLAND PACKING CO.

(District Court, N. D. California. March 15, 1907.)

No. 4,821.

1. BANKRUPTCY—COMPOSITION—PETITION TO VACATE—LIMITATIONS.
     Under the express provisions of Bankr. Act July 1, 1898, c. 541, § 13, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], a petition to set aside a composition with a bankrupt's creditors not filed within six months after the composition was confirmed held barred by limitation.

2. SAME—EXTENSION OF TIME.
     Bankr. Act July 1, 1898, c. 541, § 15, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], providing that a judge, on application of the parties in interest, who have not been guilty of undue laches filed within a year after a discharge shall have been granted, may revoke it if on the trial it shall appear that it was obtained through the bankrupt's fraud, etc., does not apply where the discharge results by operation of law from the confirmation of the bankrupt's offer of composition.

3. SAME—CONFIRMATION OF COMPOSITION—EFFECT.
     So long as an order confirming a composition with a bankrupt's creditors stands, it is effective to discharge the bankrupt from his debts other than those agreed to be paid by the terms of the composition and those not affected by a discharge as provided by Bankr. Act July 1, 1898, c. 541, § 14, subd. "c," 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428].

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 610.]

H. A. McNoble, A. H. Carpenter, and L. T. Freitas, for petitioner. Jellett & Meryerstein, for trustees.

DE HAVEN, District Judge. This is a petition to set aside and annul an order of this court made on the 23d day of February, A. D. 1906, confirming a composition offered by the bankrupt, and the discharge resulting therefrom, upon the alleged grounds of fraud in its procurement, and because the offer did not conform to the requirements of section 12, Bankr. Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426]. The petition was filed on February 21, 1907. The trustees named in the offer of composition and in the order confirming the same have appeared and moved to strike the petition from the files, as sham, irrelevant, and trifling, and upon other grounds stated in the notice of motion. They have also demurred to the petition upon the ground 'that the said petition is barred by the provisions of section 13 of the acts of Congress relating to bankruptcy." Section 13 of the Bankruptcy Act provides:

"The judge may, upon the application of parties in interest filed at any time within six months after a composition has been confirmed, set the same aside and reinstate the case if it shall be made to appear upon a trial that fraud was practiced in the procuring of such composition, and that the

knowledge thereof has come to the petitioners since the confirmation of such composition."

In view of this section, there does not seem to be any escape from the conclusion that the present petition was not filed within time, and that the demurrer thereto must be sustained for that reason. The fact that the petitioner also asks that the bankrupt's discharge resulting by operation of law from the confirmation of the composition referred to may also be set aside and annulled does not bring this proceeding within section 15 of the bankruptcy act, which provides that a judge may, "upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it, if upon a trial it shall be made to appear that it was obtained through the fraud of the bankrupt," etc. This section does not apply in a case such as this, where the discharge of the bankrupt results by operation of law from the confirmation of the bankrupt's offer of composition. So long as the order confirming the composition stands, it must have the effect given it by subdivision "c," § 14, of the bankruptcy act, viz., the discharge of the bankrupt from his debts, "other than those agreed to be paid by the terms of the composition and those not affected by a discharge," and the order of confirmation can only be set aside within the time limited by section 13 of the bankruptcy act above quoted.

Having reached this conclusion upon the demurrer, it is unnecessary to consider the motion to strike the petition from the files.

The demurrer will be sustained, and the petition dismissed.