In re ULLMAN et al.

(District Court, S. D. New York. July 25, 1910.)

1. BANKRUPTCY (§ 387*)—COMPOSITION.

A composition of a bankrupt with creditors is at once a settlement and a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 607–616; Dec. Dig. § 387.*]

2. BANKRUPTCY (§ 377*)—COMPOSITION—INDIVIDUAL COMPOSITION BY CONSENT OF FIRM CREDITORS.

A composition of a bankrupt partner of a bankrupt firm individually, without the consent of a majority in number and amount of his individual creditors, cannot be effected by the consent of the firm creditors, though the consenting majority be more than a majority of number and amount of all creditors, firm and individual; Bankr. Act July 1, 1898, c. 541, § 5f, 30 Stat. 548 (U. S. Comp. St. 1901, p. 3424), providing that the net proceeds of the partnership property shall be appropriated to the payment of partnership debts, and the net proceeds of the individual estate of each partner to the payment of his individual debts.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 377.*]

In the matter of Louis Ullman and others, individually, and composing the firm of L. Ullman & Sons. Proceedings for confirmation of composition. Affirmed in part, and proceedings dismissed in part.

Olcott, Gruber, Bonynge & McManus, for bankrupt Ullman.

Goodale & Hanson, for objecting creditors.

HAND, District Judge. The only point raised on this confirmation of a composition with firm and individual creditors is whether the court has the power to entertain a composition of a partner individually without the consent of a majority in number and amount of his individual creditors. The firm has in the case been adjudicated, and so has the partner. A composition of the firm creditors has been effected, and is now confirmed without opposition. In the offer of composition was also a provision for composition with the individual creditors, and that the master has reported on favorably, but without the consent or approval of a majority of the individual creditors. No question has been raised that the offer is single, and, therefore, may not be accepted in part and rejected in part. I shall therefore treat the offers as separate, and consider the bare question of whether an individual composition may be effected by the consent of the firm creditors, if the consenting majority be more than a majority of number and amount of all creditors, firm and individual.

No one has been able to find any authority, except some obiter remarks of Judge Gresham under the act of 1867 (In re Spades, Fed. Cas. No. 13,196), which make against the right to compel such a composition. A composition is at once a settlement and a discharge. So far as the element of discharge goes, the consent of the majority binds no one, because any single creditor, here a single individual creditor, could stop the whole composition, if he could prove any facts upon which a discharge should be denied. The only material element, therefore, is that of the settlement of the estate.

In this case the firm creditors have no interest whatever in the individual estate, under Bankr. Act July 1, 1898, c. 541, § 5f, 30 Stat. 548 (U. S. Comp. St. 1901, p. 3424). The question is simply whether they may compel the individual creditors to submit themselves to the court's decision upon whether their own property shall be given back to the bankrupt upon an offer satisfactory to the firm creditors and unsatisfactory to themselves. The question is to my mind answered as soon as it is stated. If this be the law, it must work against the firm creditors also, if they be few and small, and the individual creditors outvote them. Grotesque cases readily occur to one, in which the injustice would be too obvious for any toleration, were it not that the court would protect any class from plain spoliation.

But it is not enough that the court will do this. The act does not mean the court to step in at all till the majority of those interested agree. Now, the majority of the firm creditors care only about what they get as compared with the firm assets. For the individual creditors they cannot, of course, be supposed to have any concern. If they are unanimous and outnumber the individual creditors, the court has not had the consent of anybody to the terms offered to the individual creditors. There is no presumption at all that it is fair to them, and the whole matter becomes one for the court's discretion. The act certainly never meant to effect compositions in that way.

The case is especially a proper one for the application of the theory of a firm entity. I do not say that it would be so, if under section 5f the firm creditors had been allowed to prove against individual assets.

That provision seems never to have been used. If the entity theory were consistently carried out, there should be a proof for deficiency on firm debts against the individual assets. As that, however, contradicts the long history of bankruptcy administration, and is not suggested here, the firm creditors may be said to have no interest in the individual assets.

The report of the master will be confirmed as to the firm, and the proceedings for composition of the individual estate be dismissed.