## In re MALKAN.

### Petition of BOORUM & PEASE CO.

(Circuit Court of Appeals, Second Circuit. November 12, 1919.).

No. 45.

1. BANKRUPTCY ⚙︎100(1)—ADJUDICATION IS FINAL AND BINDING, IF UNAPPEALED FROM.

A decree of adjudication is a final decree, and, if unappealed from, is binding, not only on the bankrupt, but upon the petitioning creditors and all other creditors, who became parties to the proceeding and interested in the estate, which is res in the hands of the court.

2. BANKRUPTCY ⚙︎100(1)—ADJUDICATION VESTS ALL CREDITORS WITH RIGHTS IN ESTATE.

An adjudication vests all creditors of the bankrupt with rights in his estate, of which they can only be deprived by orderly and lawful proceedings in its administration.

3. BANKRUPTCY ⚙︎100(2)—COURT CANNOT VACATE ADJUDICATION OVER OBJECTION ON OUTSIDE SETTLEMENT WITH SOME CREDITORS.

After adjudication a bankrupt's estate can be wound up in but two ways: First, by distribution in bankruptcy; and, second, by distribution in composition in conformity with the requirements of Bankruptcy Act, § 12 (Comp. St. § 9596), and the court is without power, over the objection of a creditor, to vacate the decree of adjudication on a settlement with other creditors outside the proceedings; there being no statute providing for such an informal composition.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Henry Malkan, bankrupt. On petition of the Boorum & Pease Company to revise an order vacating the order of adjudication and discharging the receiver. Reversed.

Otto A. Samuels, of New York City, for respondent.

Zalkin & Cohen, of New York City, for Henry Malkan, Inc., and for petitioning creditors for receiver.

Hastings & Gleason, of New York City (Mervyn Mackenzie, of New York City, of counsel), for objecting creditors.

Before WARD, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. The order here sought to be revised provided that the involuntary petition in bankruptcy, filed on the 24th of December, 1918, be dismissed, and that the order of adjudication entered herein on the 7th of January, 1919, and the order dated December 24, 1918, appointing a receiver, be vacated. This order further provided that, after paying the expenses of administration as fixed by the court, the receiver turn over all the property and moneys in his possession to Henry Malkan, Incorporated, a corporation organized under the laws of the state of New York, the assignee of the bankrupt, and, after fulfillment of such decree, the receiver be discharged and his bond canceled.

This order resulted from an attempted composition of the bankruptcy proceedings. The petitioner, a creditor to the extent of $8,000, appeared in opposition to the order sought to be reviewed; but it

⚙︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was granted against its protest. The bankrupt's liabilities amounted to $155,682.22, and creditors to the extent of $143,927 are said to have consented to the plan resulting in the dismissal of the bankruptcy petition and the vacation of the order of adjudication, and also the order appointing the receiver. The petitioner is the sole objecting creditor.

[1] When, on the 7th of January, 1919, a decree was entered by the District Court adjudicating Henry Malkan a bankrupt, a final decree of the court, which was binding, not only upon the bankrupt, but upon the petitioning creditors, and the other creditors, was made. Acme Harvester Co. v. Beckman, 222 U. S. 300, 32 Sup. Ct. 96, 56 L. Ed. 208; Clay v. Waters, 178 Fed. 385, 101 C. C. A. 645, 21 Ann. Cas. 897. The result of this proceeding made the proceeds a "res" in the hands of the court, and the creditors, including the petitioner, became interested in the res, and must be regarded as parties to the bankruptcy proceedings. Manson v. Williams, etc., 213 U. S. 453, 29 Sup. Ct. 519, 53 L. Ed. 869.

[2] This adjudication established, for all the creditors of the bankrupt, rights of which they could not be divested, except by orderly and lawful proceedings in the administration of the bankrupt's estate. It is not averred in this case that the adjudication was procured by fraud or mistake, and the only reason assigned for the vacation of the order is a desire to settle and obtain a composition for the creditors. The decree could not be vacated, and deprive the petitioning creditors of the right secured to it, unless there be some authority in the court to do so. Section 59g of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 561 [Comp. St. § 9643]) provides that a proceeding once begun must result either in an adjudication or a dismissal. Subdivision "g" provides only for dismissals therein on the merits.

[3] It is the intendment of the act that a dismissal may not be had against the protest of a creditor, if he be deprived unjustly of the rights secured to him by the adjudication and the creation of the estate in the hands of the court for all the creditors. In re Rosenblatt & Co., 193 Fed. 638, 113 C. C. A. 506. Section 12 (Comp. St. § 9596) provides for compositions. It is not contended that the proceeding here was in conformity with the requirements of section 12 as to composition. The consideration for the composition was not deposited prior to the order. The form of the order and the recitals do not indicate that the parties were attempting a composition. At best, it was an informal composition, which should be condemned. The bankrupt's estate can be wound up in but two ways: First, by distribution in bankruptcy; and, second, by distribution in composition. An effort made to start a proceeding in bankruptcy, and then settle with creditors outside the proceeding, and then ask for the approval of the court, should not be encouraged, but should be discouraged.

In the case of Acme Harvester Co. v. Beckman Co., supra, it was said:

"Every person is forbidden to receive any property after the filing of the petition, with intent to defeat the purposes of the act. These provisions, and others might be recited, show the policy and purpose of the Bankruptcy Act to hold the estate in the custody of the court for the benefit of creditors after

the filing of the petition and until the question of adjudication is determined. To permit creditors to attach the bankrupt's property between the filing of the petition and the time of adjudication would be to encourage a race of diligence to defeat the purposes of the act and prevent the equal distribution of the estate among all creditors of the same class, which is the policy of the law. The filing of the petition asserts the jurisdiction of the federal court, the issuing of its process brings the defendant into court, the selection of the trustee is to follow upon the adjudication, and thereupon the estate belonging to the bankrupt, held by him or for him, vests in the trustee."

In Re Lockwood (D. C.) 104 Fed. 794, it was said:

"The parties concerned in adopting this method of settlement took the risk of having its execution interfered with by any additional creditors who might appear within a year and before the provisions of the order were fully executed. Such creditors, proceeding regularly within the time limit of the act, are entitled to their day in court, and to their ratable share in any assets not already distributed."

A composition cannot be entirely successful until the majority of the creditors have accepted the settlement offered. An attempt to avoid the statutory requirements for the composition creates possibilities of wrong to creditors, of which this case is a good example, and when such wrong is called to the attention of the court it should be checked. The sale of the assets of the bankrupt should not be permitted after adjudication, until the sale takes place under the eye and protection of the court. Here the provisions of the order direct the disposition of the assets of the estate. It provides that the estate in possession of the receiver be turned over to a newly formed corporation, Henry Malkan, Incorporated. Thus the property of Henry Malkan passes from the custody of the court below into a newly created corporation, without regard to the rights of this protesting creditor. Thus providing for the disposition of the assets, they are placed by judicial sanction and decree beyond the reach of the protesting creditor. The order imposes no duty or burden upon Henry Malkan, Incorporated, to pay the creditors or to use the res therefor. This corporation may dispose of the bankrupt's property as it will. The property is disposed of to a third party. It is not sufficient answer that the petitioning creditor may proceed upon his claim after the dismissal of the proceedings and vacation of the decree, and then follow the assets in the possession of Henry Malkan, Incorporated. The petitioning creditor would be confronted, in such a litigation, with this order, which judicially determines that the assets be transferred to Henry Malkan, Incorporated, without any provision of trust or otherwise, except in absolute ownership. The power to make and approve compositions is statutory. There is no statute providing that the assets may be disposed of as was done here, or that such an informal composition may be had.

We are therefore of the opinion that the order below was improvidently granted, and must be reversed, and the application denied.

Order reversed.