#### BELL MFG. CO. v. CROSS *ET AL.*

##### (117 S. E., 196)

1. BANKRUPTCY—PROVABILITY OF CLAIM DEPENDS ON STATUS AT FILING OF PETITION.—The provability of a claim depends on its status at the time the petition was filed.

2. BANKRUPTCY—UNLIQUIDATED TORT CLAIM NOT PROVABLE.—A claim which at the time of the filing of the petition was merely an unliquidated claim for damages on account of a tort is not provable under Bankruptcy Act, § 63 (U. S. Comp. St. § 9647).

3. BANKRUPTCY—CLAIM UNLIQUIDATED AT FILING OF PETITION CANNOT BE SUBSEQUENTLY REDUCED TO JUDGMENT AND PROVED.—A claim which at the time of the filing of the petition in bankruptcy is unliquidated cannot be subsequently reduced to judgment and proved.

4. BANKRUPTCY—UNPROVABLE CLAIM NOT DISCHARGED.—A claim which was not a provable debt will not be discharged by bankruptcy proceedings.

5. BANKRUPTCY—JUDGMENT FOR MALICIOUS INJURY TO PERSON NOT DISCHARGED.—A judgment for plaintiff in a personal injury action for both actual and punitive damages is a judgment for willful and malicious injury to the person, and will not be discharged by bankruptcy proceedings.

6. BANKRUPTCY—CONFIRMATION OF OFFER OF COMPOSITION DOES NOT OPERATE AS DISCHARGE.—The mere confirmation of an offer of composition does not operate to discharge bankrupt.

Before McIVER, J., Charleston, April, 1922.    Affirmed.

Action by the Bell Manufacturing Company and others against Ruby E. Cross and others.    From an order dissolving a temporary injunction, plaintiff named appeals.

The decree of Judge E. McIver referred to in the opinion follows:

"This matter came before me on the summons and complaint herein and the rule of Hon. Thos. P. Cothran, associate Justice of the Supreme Court, issued against the defendants, requiring them to show cause before me 'why an injunction *pendente lite* as prayed for in the complaint, should not be granted,' and meanwhile restraining and enjoining them from enforcing the execution referred to in the complaint.

"The defendant Ruby E. Cross has duly filed her answer to the complaint and duly made return to the rule, and the matter was heard and fully argued before me on April 4, 1922.

"I find that the defendant Ruby E. Cross, while in the employ of the plaintiff Bell Manufacturing Company, in its factory in Charleston, on or about the 17th day of October, 1919, suffered severe personal injuries, and that thereafter she instituted suit against said company on the 11th day of May, 1920, to recover both actual and punitive damages on account of her injuries; that said suit was duly docketed for trial in the Court of Common Pleas of Charleston County on June 4, 1920. While this suit was pending trial as aforesaid, on November 9, 1920, an involuntary petition in bankruptcy was filed against the Bell Manufacturing Company, and a receiver for the company duly appointed by the Court, and the assets of the company delivered into the hands of said receiver.

"Thereafter, in April, 1921, the case of Mrs. Cross came up for trial before the Court of Common Pleas of Charleston County and resulted in the verdict of $750 actual damages, and $5,250 punitive damages. Upon a motion for a new trial the presiding Judge, Hon. Ernest Moore, granted a new trial *nisi*, unless the plaintiff would consent to a reduction of the verdict to $3,000. The plaintiff duly consented

on the record to such reduction, and judgment for that amount and costs was entered on June 6, 1921.

"I further find that on June 8, 1921, the Bell Manufacturing Company duly made an offer of composition to its creditors in the bankruptcy Court; that such composition was accepted by the majority of the creditors and subsequently confirmed by the bankruptcy Court on September 10, 1921, and the assets and property of the bankrupt were ordered returned to it.

"In February, 1922, Mrs. Cross placed in the hands of the sheriff of Charleston County an execution against certain property of the Bell Manufacturing Company in the City of Charleston for the purpose of collecting the judgment referred to, and this proceeding has been brought to enjoin the execution and the collection of the judgment as aforesaid, on the grounds set out in the complaint.

"The facts as stated above are admitted by both sides to the controversy, so that the question presented to me for determination appears to be purely one of law.

"The defendant has demurred to the petition on the grounds set out in its demurrer, and in addition has made a return on the facts, but both the demurrer and the return in effect raise only questions of law for determination.

"It is the contention of the defendant that the judgment on which execution was issued was not a provable debt in bankruptcy, and consequently not dischargeable therein, and that therefore the Court of bankruptcy had no jurisdiction or control over the same, so that the life of the judgment was in no way affected or impaired by the proceedings in bankruptcy, and further that she was free to issue execution thereon at any time that she found property of the Bell Manufacturing Company on which execution could be levied. She also contends that, even if the judgment was a provable claim in bankruptcy, nevertheless that the judgment was not dischargeable by the bankruptcy proceedings, for the reason that such judgment was the basis of a claim against

the bankrupt for willful and malicious injuries to her person.

"Was the judgment a provable debt or claim in bankruptcy? I think not. The rule is that the provability of a claim depends upon its status at the time the petition is filed. Collier on Bankruptcy (10th Ed.), p. 854, and the case cited.

"By Section 63 of the Bankruptcy Act (U. S. Comp. St., § 9647) Congress has defined what debts of the bankrupt may be proved and allowed in bankruptcy, as follows:

" 'Section 63. *Debts which may be Proved:*

" 'a. Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest; (2) due as costs taxable against an involuntary bankrupt who was at the time of the filing of the petition against him plaintiff in a cause of action which would pass to the trustee and which the trustee declines to prosecute after notice; (3) founded upon a claim for taxable costs incurred in good faith by a creditor before the filing of a petition in action to recover a provable debt; (4) founded upon an open account, or upon a contract express or implied; and (5) founded upon provable debts reduced to judgment after the filing of the petition and before the consideration of the bankrupt's application for a discharge, less costs incurred and interest accrued after the filing of the petition and up to the time of the entry of such judgments.

" 'b. Unliquidated claims against the bankrupt may, pursuant to application to the Court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against the estate.'

"It will be noticed that the bankrupt act required that fixed liability or judgment must be 'absolutely owing' at the

time of the filing of the petition against the bankrupt. By subdivision 5, above, there is allowed to be proved also debts 'founded upon provable debts reduced to judgments after the filing of the petition and before the consideration of the bankrupt's application for a discharge,' etc. And by subdivision 'b' of Section 63 the procedure is allowed by which unliquidated claims may be liquidated and proved.

"At the time of the filing of the petition against the bankrupt, Bell Manufacturing Company, the claim of Mrs. Cross was merely an unliquidated claim for damages on account of a tort. Such a claim was not provable in bankruptcy. *New York Tunnel Co.,* 159 Fed., 688, 86 C. C. A., 566. Nor could such unliquidated claim existing at the time of the filing of the petition in bankruptcy be subsequently reduced to judgment and proved. *Schall v. Camers,* 251 U. S., 239, 40 Sup. Ct., 135, 64 L. Ed., 247.

"I find as a matter of law, therefore, that the claim on which execution was issued by Mrs. Cross was not a provable debt in bankruptcy, and consequently not dischargeable therein. The bankruptcy Court, therefore, had no jurisdiction nor control thereof.

"Even admitting, however, that such a claim was provable in bankruptcy, the judgment in this case would not be discharged by the bankruptcy proceedings because it was a judgment for a willful and malicious injury to the person within the meaning of the Bankruptcy Law.

"The evidence further is that Mrs. Cross has never been paid anything on account of her claim, nor is there any evidence that her claim has even been allowed in the bankruptcy Court. She would therefore have the right to issue the execution for the full amount of her judgment.

"It is therefore ordered and adjudged that the restraining order dated March 18, 1922, issued by Hon. Thomas P. Cothran, associate Justice of the Supreme Court, be, and the same is hereby, dissolved, and the defendants be, and they are hereby, authorized to enforce the execution for the collection of said judgment. And it is so ordered."

*Messrs. McMillan & Heyward,* for appellants, cite: *Provable debts in bankruptcy:* 39 Stat., 999; 121 U. S., 457; 7 C. J., 402; 144 Fed., 320; 206 N. Y., 744; Collier, Bankruptcy (10th Ed.), 395. *Charge of negligence does not import intention to do harm:* 28 Ind., 287; 95 Ind., 286; 103 Ind., 27; 106 Ind., 73; 107 Ind., 51; 112 Ind., 250; 64 Fed., 823; Beach, Contrib. Neg., 67, 68. *Discharge in bankruptcy releases from liability on judgment based on fraud, wilfull and malicious injury:* 7 C. J., 298; 161 Fed., 387; 153 Fed., 910; 194 N. Y., 420; 209 Fed., 180.

*Messrs. Logan & Grace* and *John I. Cosgrove,* for respondents, cite: *Provable debts in bankruptcy:* Collier (10th Ed.), 854; (12th Ed.), 950; Black, Bankr'y (3rd Ed.), 1094. *Debt not provable not discharged:* Collier (10th Ed.), 382-4; (12th Ed.), 424-7; Black (3rd Ed.), 1425. *Effect of discharge in bar is to be passed on by Court in which it may be pleaded:* 280 Fed., 717; 270 Fed., 631; Black (3rd Ed.), 442, 1049, 1074; Collier (10th Ed.), 853, 859, 874; (12th Ed.), 950, 957, 958, 973-6. *Unliquidated claim for damages in tort not provable:* 159 Fed., 688; 154 Fed., 724; 251 U. S., 239; Black (3rd Ed.), 1049, 1074; Collier (10th Ed.), 853, 859, 874; (12th Ed.), 950, 957, 958, 973-6. *Judgment based on willful and malicious injury and not dischargeable:* 89 S. C., 14; 72 S. C., 354, 3 L. R. A. (N. S.), 702; Black (3rd Ed.), 1450; Collier (10th Ed.), 395; 86 Fed., 312; 40 Cyc., 947; 253 Fed., 665; 193 U. S., 483; Ann. Cas, 1917A, 210.

February 21, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant thus states its case:

"The history of this case is as follows: On May 11, 1920, Mrs. Ruby E. Cross instituted suit against the Bell Manufacturing Company for personal injuries alleged to

have been received while in the employ of Bell Manufacturing Company. This suit was brought for both actual and punitive damages. While this suit was pending in the Court of Common Pleas for Charleston County, to wit, on November 9, 1920, a petition for involuntary bankruptcy was duly filed against the Bell Manufacturing Company in the Eastern division for the Northern district of Georgia, and all of its assets were placed in the hands of a receiver. This bankruptcy proceeding was resisted by Bell Manufacturing Company, and a fight instituted by Bell Manufacturing Company for the acceptance of a composition with its creditors. This fight in the bankruptcy Court was still going on when, on April 3, 1921, the case of Ruby E. Cross against Bell Manufacturing Company came up for trial before a jury in the Court of common pleas for Charleston County, and resulted in a verdict for the plaintiff of $750 actual damages and $5,250 punitive damages. The Bell Manufacturing Company then made a motion for a new trial, which was argued before his Honor Judge Ernest Moore, the trial Judge, who on May 7, 1921, filed his order reducing the verdict to $3,000. Judge Ernest Moore, in his order, used the following language: 'There was no showing of willful injury by defendant to plaintiff, and the award of punitive damages in any amount whatsoever could be rested only upon the evidence tending to show wantonness or recklessness on the part of the defendant.' The reduction of the verdict was accepted by the plaintiff Ruby E. Cross, who on June 6, 1921, entered judgment in the Court of Common Pleas for Charleston County against Bell Manufacturing Company for $3,025.70.

"From this judgment there was no appeal, and this was the status of affairs when, on June 8, 1921, Bell Manufacturing Company duly tendered an offer of composition to its creditors, which offer was accepted by the majority in number and majority in amount of claims, and among which claims was listed, 'Ruby Cross, Charleston, S. C.' On

August 5, 1921, Mrs. Ruby E. Cross filed in the bankruptcy estate of Bell Manufacturing Company for the Northern district of Georgia, Eastern division, proof of claim for $3,025.70. The offer of composition with creditors was duly confirmed by orders of Hon. Saml. H. Sibley, United States Judge, September 10, 1921, and the bankrupt discharged.

"Subsequent to this, and shortly after the discharge of the bankrupt, Mrs. Ruby E. Cross issued execution against the property of Bell Manufacturing Company at Charleston, S. C., for the full amount of her judgment, namely, $3,-025.70, with interest, and Bell Manufacturing Company then brought this action against Ruby E. Cross and J. M. Poulnot, as sheriff of Charleston County, asking for a permanent injunction against the levying of said execution and an order relegating Ruby E. Cross to her rights in the bankruptcy Court. Along with the summons and complaint in the case, there was served an order of temporary injunction issued by Hon. T. P. Cothran, associate Justice of the Supreme Court. This order of temporary injunction was made returnable before the presiding Judge at Charleston, S. C., on April 4, 1922, and was then argued before Edward McIver, presiding Judge, who filed an order dissolving the temporary injunction and permitting Ruby E. Cross to proceed with her execution, and it is from this order that Bell Manufacturing Company has made appeal to this Court."

There are seven exceptions, but they raise only one question, and that is: Is the appellant discharged by its bankruptcy proceedings? ·

The decree of Judge McIver is exceedingly clear, and is affirmed for the reasons therein stated.

It may be well to add that there is no allegation or showing of any kind that the appellant has been discharged. The allegation is that the bankrupt offered a composition which was duly confirmed. There is no allegation or proof that the deposit required by the bankrupt

act was made, nor that the claim of the respondent was allowed as a provable claim. There is evidence that the attorneys for Mrs. Cross wired, "Please wire us collect what action, if any, has been taken on claim of Ruby E. Cross against Bell Manufacturing Company." The reply was, "Not sufficient funds to pay Ruby E. Cross."

That shows that either the deposit was not made, or the claim was disallowed.

We have been referred to no section of the Bankruptcy Act, nor any authority, that holds that the mere confirmation of the offer of composition (whether the order is complied with or not), operates to discharge the bankrupt. There is no showing that any money was offered to the respondent, or that she refused to accept it.

The judgment is affirmed.