in extending credit was granted by petitioner to any of its other offices until the account had been approved by its executive officers, or finance committee, at San Francisco, Cal. The guaranty contract is in itself directed to the San Francisco office of petitioner, and was there finally accepted, which was necessary for its completion, thereby making it a contract entered into and governed by the laws of the state of California and binding upon the bankrupt.

This brings us to a consideration of the further contention of the bankrupt that there is no proof of an act of bankruptcy because the property conveyed by the bankrupt had no value. It appears that the bankrupt, when she was insolvent, and within four months preceding the filing of the petition, conveyed to Lula C. Maguire, her sister, certain interests in real property and received therefor the sum of $1,500, which she then paid to the Pacific Finance Corporation, a creditor. The property so conveyed had a value to the extent of $1,500, for the bankrupt received that amount as a consideration of the conveyance. The paying to the Pacific Finance Corporation of the $1,500, derived from the sale of an interest in her real property, granted a preference which was another act of bankruptcy.

On the record, the motions of the bankrupt to dismiss the petition will be denied.

## In re VANDEWEGHE.
### No. 48047.

District Court, S. D. New York.
Jan. 22, 1931.

The report of Henry K. Davis, referee in bankruptcy, acting as special master, is as follows:

To the honorable judges of the United States District Court for the Southern District of New York:

Bankrupt, a dealer in furs in this city, was adjudicated on his own petition December 14, 1929.

Thereafter he duly made a composition with his creditors, and in due course and on the 14th day of March, 1930, the said composition was duly confirmed thereby, resulting in the bankrupt's discharge. Section 12 e, Bankruptcy Law (11 USCA § 30 (e).

Thereafter, and on or about September 8, 1930, the petitioner, Pomros Import Corporation, moved to set aside the order of this court confirming the said composition, and the same came before me under due reference for hearing, testimony, and report.

At the first hearing, December 2, 1930, the attorneys for the bankrupt questioned the legal sufficiency of the petition on which the application is founded, and the special master ruled that he was without power to pass upon this question.

Thereupon the parties obtained from the District Court an amended order dated December 20, 1930, referring the matter to me "for examination and consideration of the petition as to its sufficiency and validity and

to entertain any motion or demurrer directed to the sufficiency and validity of said petition and/or for examination, testimony and report."

The law under which the petitioner moves is as follows: "The judge may, upon the application of parties in interest filed at any time within six months after a composition has been confirmed, set the same aside and reinstate the case if it shall be made to appear upon a trial that fraud was practiced in the procuring of such composition, and that the knowledge thereof has come to the petitioners since the confirmation of such composition." Section 13, Bankruptcy Act (11 USCA § 31).

It will be noted that the point of the law above quoted is that there must have been fraud in the procuring of the composition, and that knowledge thereof has come to the objector after its confirmation.

The law gives ample remedies to a creditor who objects to a composition when it is offered, and such objecting creditor, if he can sustain a specification which would prevent a discharge, can prevent a composition, even if all of the other creditors have consented in its favor.

In this case this objector accepted the composition, and has been paid some $800 thereunder. This application was made five days before the expiration of the six-month period within which such an application must be made.

A reading of the petition does not impress with its merit.

The most of its allegations relate to matters which would have been relevant under specifications to oppose composition, but none of them, in my opinion, set out fraud in the procuring of the composition.

The very material statutory allegation that the knowledge of the alleged fraud came to the objector after the confirmation of the composition is made upon information and belief.

The president of the objector was chairman of the creditors' committee of the bankrupt under his assignment to Mr. Otto, the actuary of the Fur Merchants' Association.

By reason of this relation, it is unbelievable that the objector did not know prior to the bankruptcy, if they existed, the things in generalities and upon information and belief he now alleges.

This view is fortified by the fact that this creditor through its said president raised no objection to the composition and took its dividends, thus far paid some $800 thereunder.

■ Applications to set aside compositions after they have been confirmed and acted upon, unless adequate statutory grounds exist therefor, is not favored by the courts.

In a late case reviewing many of the authorities, the Circuit Court reversed an order setting aside a composition; Judge Swan saying: "Fraud is not to be inferred, and can only be alleged by stating facts which show that the false representations were made with fraudulent intent." In re Isidor Klein, Inc., 22 F.(2d) 906, 908.

In Re Kass (D. C.) 263 F. 138, 139, a case on its general facts quite similar to the case at bar, the objector moved to set aside the composition on the last day of the six-month period, and, as here, his conclusions of fraud were stated upon information and belief. Relative to this Judge Veeder says: "Although the petitioner bases his claim to relief upon knowledge which he says came to him subsequent to the confirmation of the composition, he states no facts within his own knowledge, but simply verifies the petition upon information and belief."

There, as here, the petitioner did not state when he knew of the fraudulent representations, and the court further says: "In a matter of this kind a creditor is bound to move at once; otherwise, he is barred by his own laches. Yet the petitioner nowhere states when he learned of the falsity of the representations."

In re White (D. C.) 222 F. 688, 689, also holds that a petition to set aside a composition upon the grounds of fraud alleged upon information and belief is insufficient.

■ It is apparent that there is a difference between opposition to a bankrupt's application for discharge, which in the last analysis is not a matter of right but a matter of legal favor, in order that the bankrupt may resume business without the hamper of prior obligations. A composition, on the other hand, is a contract approved by the court, entered into by the bankrupt with his creditors with the approval of the court, and for its carrying out after confirmation he is held to the strictest legal accountability.

With this distinction in view, the courts have held that the rules on the setting aside of a composition apply with greater force than those in opposition to a composition and discharge.

In City National Bank v. Doolittle, 107 F. 236, 240 (C. C. A. 5th), the court said: "It was the duty of the bank to show, by proper averments and by evidence, sufficient grounds why the court should grant a rehearing and set aside the order confirming the composition. Such is the rule in proceedings on objections to the confirmation of a composition and to a discharge of the bankrupt, and this rule should apply with equal, if not greater, force to applications to set aside a composition which has been confirmed. Coll. Bankr. 147, 160, 161; In re Logan (D. C.) 102 F. 876."

It may be said in passing that the creditors should have had notice of this application. Collier (13th Ed.) p. 470. It is really more of a matter of their concern than that of the bankrupt, important though it is to him.

In view of the conclusion I have reached, however, for the reasons above stated such notice will not be necessary. The petitioner has not shown legal or proper grounds for the setting aside of this composition.

The petition is insufficient, and the laches are too great. The payments under the composition have in part been made, and the second installment of notes thereunder are about falling due.

The affidavit of the bankrupt shows that there is an ulterior motive in making this application at this late day.

Be that as it may, the petitioner has not shown equitable or legal grounds for setting aside the composition sought and the application should be denied.

Kaplan, Kestin & Burnstein, of New York City, for the motion.

Burnstine & Geist, of New York City, opposed.

COXE, District Judge.

Referee's report confirmed February 2, 1931.

MODERN WOODMEN OF AMERICA v.
WOODDEN et al.

No. 741.

District Court, D. Idaho, E. D.

May 12, 1931.

