## In re KORNBLUTH.
### No. 289.

Circuit Court of Appeals, Second Circuit.
May 8, 1933.

George J. Beldock, of New York City (Lawrence Bloomgarden, of New York City, on the brief), for bankrupt-appellee.

Newman & Bisco, of New York City (Leonard G. Bisco and Lester E. Denonn, both of New York City, of counsel), for appellant Manufacturers' Trust Company.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On December 2, 1929, an involuntary petition in bankruptcy was filed against the bankrupt individually and as copartner in the firm of Kornbluth & Rothenberg. An offer of composition providing for the payment of all claims in full, 17½ per cent. payable in cash and 82½ per cent. in notes, was confirmed by the bankruptcy court February 20, 1930. On March 21, 1931, Kornbluth filed a voluntary petition in bankruptcy, and was adjudicated a bankrupt on the same day. His petition for a discharge was filed March 7, 1932. The claim of the objecting creditor is based upon unpaid settlement notes of the bankrupt given pursuant to the composition in the prior proceedings. The objection relied on is that confirmation of the composition was equivalent to a discharge in bankruptcy, and that, since six years have not since elapsed, discharge in the present proceeding is forbidden by section 14b(5) of the Bankruptcy Act, 11 U. S. C. § 32(b) (5), 11 USCA § 32(b) (5). The referee held that the bankrupt was entitled to a discharge, and his report was confirmed by the District Judge. In re Kornbluth (D. C.) 1 Fed. Supp. 281. From the order granting a discharge, this appeal is taken.

Section 14(b) of the Bankruptcy Act provides that: "The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by the trustee or other parties in interest, * * * and investigate the merits of the application and discharge the applicant unless he has * * * (5) been granted a discharge in bankruptcy within six years. * * * "

Section 14c of the act, 11 U. S. C. § 32(c), 11 USCA § 32(c), states that "The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge."

Section 1(12) of the act, 11 U. S. C. § 1(12), 11 USCA § 1(12), defines a discharge as "the release of a bankrupt from all of his debts which are provable in bankruptcy, except such as are excepted by this title."

The appellant contends that the action of the bankruptcy court in confirming the offer of composition in the prior proceeding was tantamount to the granting of a discharge, and that the present application is therefore barred.

The appellee's argument that confirmation of a composition in bankruptcy does not constitute a "discharge in bankruptcy" within the meaning of section 14b (5), 11 USCA § 32(b) (5), is predicated upon the theory that composition is not strictly a proceeding in bankruptcy, and that the debtor is released from his obligations because of the contract with his creditors rather than

by the order of the bankruptcy court or the provisions of the Bankruptcy Act. The doctrine that proceedings for confirmation of a debtor's offer of composition, made after a petition in bankruptcy has been filed, are in some respects outside of bankruptcy proceedings "proper," seems to have started with the decision of In re Lane (D. C.) 125 F. 772. Undoubtedly there are substantial differences between termination of bankruptcy proceedings after confirmation of an offer of composition and termination in the usual course of administration. Composition is treated in the act itself as in some respects outside of bankruptcy, for section 12e, 11 U. S. C. § 30(e), 11 USCA § 30(e), provides that: "Upon the confirmation of a composition, the consideration shall be distributed as the judge shall direct, and the case dismissed. Whenever a composition is not confirmed, the estate shall be administered in bankruptcy as herein provided."

See Cumberland Glass Co. v. DeWitt, 237 U. S. 447, at page 453, 35 S. Ct. 636, 59 L. Ed. 1042; In re Lane (D. C.) 125 F. 772, at page 773.

In the usual proceedings, the debtor is adjudicated a bankrupt, and divested of his property. But, where the proceedings result in the confirmation of an offer of composition, the case is dismissed, even though the debtor has not yet been adjudicated a bankrupt. Nassau Works v. Brightwood Co., 265 U. S. 269, at page 271, 44 S. Ct. 506, 68 L. Ed. 1013. The debtor is reinvested with all his property except such as may have been deposited with the court to secure performance of the composition. See Cumberland Glass Co. v. DeWitt, 237 U. S. 447, at page 454, 35 S. Ct. 636, 59 L. Ed. 1042. In the usual proceedings a bankrupt may or may not be granted a discharge, according to the provisions of section 14b of the act, but that the confirmation of an offer of composition has in all cases the effect of a discharge is clear from the language of section 14c. The application for confirmation of the debtor's offer cannot be filed in the bankruptcy court until a majority of his creditors in number and amount have accepted it. Bankruptcy Act, section 12b, 11 U. S. C. § 30(b), 11 USCA § 30(b). Because of the differences in purpose and effect between the two forms of procedure, it has been recognized by the Supreme Court that "although the composition is provided for by the bankruptcy act, it is in some respects outside of the act. * * *" Cumberland Glass Co. v. De Witt, 237 U. S. 447, at page 453, 35 S. Ct.

636, 638, 59 L. Ed. 1042. See, also, Nassau Works v. Brightwood Co., 265 U. S. 269, at page 271, 44 S. Ct. 506, 68 L. Ed. 1013; Myers v. Internat. Trust Co., 273 U. S. 380, at page 383, 47 S. Ct. 372, 71 L. Ed. 692.

But it does not follow from the fact that composition differs from ordinary bankruptcy in some particulars that it differs in all. The question in the present case is whether the discharge which accompanies confirmation of a composition is sufficiently analogous to an orthodox discharge in bankruptcy to bar a subsequent discharge within six years of the confirmation. The appellee says that it is not, for the reason that it arises out of a contract of composition such as has long been recognized at common law. He argues that section 14c is superfluous, since the discharge would occur even if the statute did not so provide, by virtue of the contract of composition. This sort of discharge is said to be utterly different from a discharge in bankruptcy, which results by operation of law from an order of the bankruptcy court, and is in no way dependent on a contract.

Doubtless a discharge which resulted purely from a contract of composition negotiated between a debtor and his creditors, quite apart from bankruptcy proceedings, would be no bar to a subsequent discharge in bankruptcy. But in many important respects a discharge through composition in bankruptcy differs from the contractual release resulting from a composition outside of bankruptcy, and closely resembles the ordinary discharge in bankruptcy. A composition in bankruptcy binds nonassenting creditors. See In re Lane (D. C.) 125 F. 772, at page 773. But, even if all of the creditors agree to a composition, the bankruptcy court may not confirm it unless the judge is satisfied that the offer and acceptance are both made in good faith, that the composition is in the best interests of the creditors, and that the debtor has not been guilty of an act which would bar his discharge. Bankruptcy Act, § 12d, 11 U. S. C. § 30(d), 11 USCA § 30(d). A composition which would be perfectly valid contractually cannot be confirmed unless the act has been complied with. In re Malkan (C. C. A.) 261 F. 894; In re Frear (D. C.) 120 F. 978. Thus, even if the minds of the parties have met, so that a valid contract of composition would arise were it not for the bankruptcy proceedings, its confirmation may be denied; and, even though a minority of the creditors refuse assent to the offer,

so that outside of bankruptcy they would not be bound thereby, the bankruptcy court may force acceptance upon them.

 Composition proceedings arise out of bankruptcy, and those sections of the Bankruptcy Act governing composition are to be construed with the entire act. Wilmot v. Mudge, 103 U. S. 217, 26 L. Ed. 536. See Cumberland Glass Co. v. DeWitt, 237 U. S. 447, at page 454, 35 S. Ct. 636, 59 L. Ed. 1042. And the act itself offers convincing evidence that the release which a debtor gains through composition in bankruptcy resembles a discharge in bankruptcy far more than it does a composition outside of bankruptcy. The latter releases the debtor from his original obligations only to those who accept the composition; a discharge by composition in bankruptcy binds dissenters as well. The converse is also true; creditors whose claims are not dischargeable in bankruptcy do not suffer a discharge even though they agree to a composition in bankruptcy and share in the fund. Friend v. Talcott, 228 U. S. 27, 33 S. Ct. 505, 57 L. Ed. 718. But in a composition outside of bankruptcy the release would bind all creditors who agreed to the composition. We think the foregoing principles, derived from the Bankruptcy Act itself, make it clear that a discharge by composition in bankruptcy "results by operation of law from the confirmation of the bankrupt's offer of composition." See In re Jersey Island Packing Co. (D. C.) 152 F. 839, at page 840. See, also, In re Mirkus (C. C. A.) 289 F. 732, at pages 734, 735, 31 A. L. R. 435. And it has frequently been held that a composition is a discharge in bankruptcy and may be pleaded as such. United States v. Hammond (C. C. A.) 104 F. 862; Mandell & Co. v. Levy, 47 Misc. 147, 93 N. Y. S. 545; Broadway Trust Co. v. Manheim, 47 Misc. 415, 95 N. Y. S. 93; Glover Grocery Co. v. Dorne, 116 Ga. 216, 42 S. E. 347; Georgia Nat. Bank v. Fry, 32 Ga. App. 695, 124 S. E. 542; see 1 Collier on Bankruptcy 451. Contra, In re Odell, Fed. Cas. No. 10,427, 16 N. B. R. 501; Bell Mfg. Co. v. Cross, 123 S. C. 507, 117 S. E. 196.

Judicial analysis of the nature of a composition in bankruptcy has proceeded along the lines indicated, and has almost uniformly given a composition in bankruptcy the effect of a discharge in bankruptcy, rather than that of a composition outside of bankruptcy. For example, a composition outside of bankruptcy does not discharge the original debt until the consideration is actually paid. The agreement of composition, and executory obligations given in pursuance

thereof, simply suspend the right of action on the original debt, which is revived if the obligations are not met. In re Clarence A. Nachman Co. (C. C. A.) 6 F.(2d) 427; In re A. B. Carton & Co. (D. C.) 148 F. 63. But it has generally been held that a composition in bankruptcy derives further effect from the confirmation of the court, and completely discharges the original debt, which does not revive if notes given as consideration are not paid. In re Mirkus (C. C. A.) 289 F. 732, 31 A. L. R. 435; Jacobs v. Fensterstock, 236 N. Y. 39, 139 N. E. 772; see In re Clarence A. Nachman Co. (C. C. A.) 6 F.(2d) 427, at page 431; 1 Collier on Bankruptcy, 463. These decisions represent our view, although contrary opinion exists. In re Kinnane Co. (D. C.) 221 F. 762; In re Hurst, Fed. Cas. No. 6,925; Beck v. Witteman Bros., 185 App. Div. 643, 173 N. Y. S. 488; American Woolen Co. v. Friedman, 97 Misc. 593, 163 N. Y. S. 162; Harrison v. Gamble, 69 Mich. 96, 36 N. W. 682. Likewise an ordinary composition of a principal's debt, resting as it does in contract, is generally held to release the surety, whereas a discharge in bankruptcy does not. Accordingly, composition in bankruptcy has been universally held not to discharge the surety. In re American Paper Co. (D. C.) 255 F. 121; Guild v. Butler, 122 Mass. 498, 23 Am. Rep. 378; Easton Furniture Mfg. Co. v. Caminez, 146 App. Div. 436, 131 N. Y. S. 157; Pacific Bank v. Michaelson, 216 App. Div. 120, 214 N. Y. S. 715; A. Klipstein & Co. v. Lipschitz, 130 Misc. 291, 223 N. Y. S. 822; Mason & Hamlin Organ Co. v. Bancroft, 1 Abb. N. C. (N. Y.) 415; First Nat. Bank v. Wood, 53 Vt. 491. A further and striking analogy which the courts have drawn between confirmations and discharges in bankruptcy concerns the effect of new promises to pay the original debt made after bankruptcy has occurred. Since in a composition outside of bankruptcy the transactions have a legitimate basis in contract law, and there is consideration for the act of each creditor in accepting payment in part as satisfaction in full in that the other creditors agree to accept partial satisfaction, it is held that no moral obligation to pay in full survives the composition, and that consequently a new promise to pay the balance of the original debt will not be enforced. Stafford v. Bacon, 1 Hill (N. Y.) 532, 37 Am. Dec. 366; Warren v. Whitney, 24 Me. 561, 41 Am. Dec. 406; Evans, Fite, Porter & Co. v. Bell, 15 Lea (Tenn.) 569. But a moral obligation to pay in full survives a discharge in bankruptcy, and a subsequent promise to pay the

balance of the debt is enforceable. Zavelo v. Reeves, 227 U. S. 625, 33 S. Ct. 365, 57 L. Ed. 676, Ann. Cas. 1914D, 664; Dusenbury v. Hoyt, 53 N. Y. 521, 13 Am. Rep. 543; Christie v. Bridgman, 51 N. J. Eq. 331, 25 A. 939, 30 A. 429; Livesay v. First Nat. Bank of Lockney (Tex. Com. App.) 57 S.W.(2d) 86. And the rule is the same in the case of a discharge by confirmation of a composition, the courts again recognizing its essential similarity to the orthodox discharge. Spann v. Read Phosphate Co. (C. C. A.) 238 F. 338; In re Merriman, Fed. Cas. No. 9,479; Shively v. Globe Mfg. Co., 205 Iowa, 1233, 219 N. W. 266; Schuman Bros. v. First Nat. Bank of Skiatook, 115 Okl. 23, 240 P. 647; Higgins v. Dale, 28 Minn. 126, 9 N. W. 583; Herrington v. Davitt, 220 N. Y. 162, 115 N. E. 476, 1 A. L. R. 1700; Cohen v. Lachenmaier, 147 Wis. 649, 133 N. W. 1099. See McClintic-Marshall Co. v. New Bedford, 239 Mass. 216, at page 223, 131 N. E. 444; cf. Zavelo v. Reeves, 227 U. S. 625, 33 S. Ct. 365, 57 L. Ed. 676, Ann. Cas. 1914D, 664. Contra: Taylor v. Skiles, 113 Tenn. 288, 81 S. W. 1258.

■ In accordance with the foregoing principles, it has several times been held that the confirmation of a composition bars a subsequent discharge within six years of the confirmation. Rosenberg v. Borofsky (C. C. A.) 295 F. 500; In re Massell (D. C.) 285 F. 577; In re Radley (D. C.) 252 F. 205; In re Holst (D. C.) 45 F.(2d) 661. Cf. In re Cohen, 10 A. B. R. (N. S.) 402. See, also, 1 Collier on Bankruptcy, 567; 7 Remington on Bankruptcy, §§ 3119½, 3345. With these cases we agree.

The appellee relies chiefly on the decision of the Circuit Court of Appeals for the Sixth Circuit in Re Goldberg, 53 F.(2d) 454, 80 A. L. R. 399. In that case it was held by a divided court that confirmation of a composition does not bar a subsequent composition in bankruptcy within six years. Section 12d (2) of the Bankruptcy Act, 11 U. S. C. § 30(d) (2), 11 USCA § 30(d) (2) provides that: "The judge shall confirm a composition if satisfied that * * * (2) the bankrupt has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to his discharge. * * *"

The court construed the phrase "guilty of any of the acts" to cover only acts of intentional wrongdoing, and not innocent acts such as suffering a discharge, and held that, while section 14b (5), 11 USCA § 32(b) (5), bars a discharge, it does not bar a composition. It will be observed that, on this theory, neither a previous discharge nor a previous composition will bar a later composition, while either a prior discharge or a prior composition may bar a subsequent discharge, and that therefore the decision is not strictly relevant to the question now before us. The validity of the construction thus placed upon section 12d in the Goldberg Case we need not now determine. It may perhaps be reasonably argued that such language permits a composition to be confirmed in spite of a prior composition confirmed or a discharge granted within six years. On the other hand, it has frequently been stated that the same circumstances which operate to bar a discharge will prevent confirmation of a composition. In re Weintrob (D. C.) 240 F. 532; In re Comstock (D. C.) 154 F. 747; In re Goldstein (D. C.) 213 F. 115; In re Burman (D. C.) 210 F. 512; In re Godwin (D. C.) 122 F. 111; In re Mirkus (C. C. A.) 289 F. 732, 735, 31 A. L. R. 435; In re Ullman (D. C.) 180 F. 944, at page 945; In re Vandeweghe (D. C.) 49 F.(2d) 939; 1 Collier on Bankruptcy, 451. But, whichever view is adopted, it is far different to say that a discharge may be granted under such circumstances. To grant it would seem to fly in the face of section 14b (5), 11 USCA § 32(b) (5). In so far as the opinion in the Goldberg Case implies that confirmation of a composition is not a discharge within the meaning of section 14b (5), we are constrained to disagree, for reasons already indicated.

We conclude that the District Court erred in granting the bankrupt's application for a discharge. Accordingly, the order granting the application is reversed, with directions that an order be entered denying a discharge.