LAY, Circuit Judge:
Debtor Star Phoenix Mining Company (“Star Phoenix”) and its owners, Frank and Janice Duval, appeal the district court’s order affirming the bankruptcy court’s denial of permanent injunctive relief in them adversary proceeding against creditor West One Bank (“West One”). West One cross-appeals the district court’s denial of attorneys’ fees. We dismiss the cross-appeal on attorney fees as premature, we otherwise affirm.
Star Phoenix was formed in 1989 to mine certain property in Burke, Idaho. To open its facilities, Star Phoenix borrowed $2 million from Comineo Limited. Under the loan agreements, Comineo required Star Phoenix to obtain a $1 million operating line of credit. Star Phoenix obtained the required line of credit from West One. West One in turn required the Duvals to personally guarantee the full $1 million revolving line of credit. West One’s line of credit to Star Phoenix was also secured by an interest in certain accounts receivable of Star Phoenix.
In November 1990, Star Phoenix’s mine lease was terminated, which placed Star Phoenix in default under its agreement with West One. On March 11, 1991, the Duvals confessed judgment in favor of West One in state court based on their personal guaranty in the amount of $1,029,134.9s.[1] On March 18, 1991, Star Phoenix filed for Chapter 11 relief.
During the bankruptcy proceedings, West One filed a proof of claim based upon the $1 million line of credit secured by the accounts receivable. The proposed reorganization plan provided that the secured creditors, including West One, would not be entitled to a deficiency claim unless the bankruptcy court determined such a claim existed prior to the effective date of the plan. The plan also stated that upon confirmation of the plan, the secured creditors would have no further claims against Star Phoenix unless the creditor asserted an unsecured deficiency claim prior to confirmation. The bankruptcy court confirmed the plan on August 11, 1992. West One did not file a deficiency claim prior to the confirmation of the plan.
On August 14, 1994, West One filed an Amended Proof of Claim asserting an unsecured deficiency claim against Star Phoenix in the amount of $609,500.13. West One claimed this amount was outstanding under its state court judgment against the Duvals and the sums owing by Star Phoenix. West One then obtained a Writ of Execution from the Spokane County Superior Court direet- *1147 ing the Spokane County Sheriff to sell the Duvals’ bankruptcy claims against Star Phoenix.
On November 21, 1995, Star Phoenix and the Duvals filed an adversary proceeding in the bankruptcy court seeking a temporary restraining order and permanent injunctive relief prohibiting the sheriffs sale of the Duvals’ claims. On November 28, 1995, the bankruptcy court entered a temporary restraining order. Star Phoenix, the Duvals and intervenors then moved to permanently enjoin West One from executing its state court judgments against the Duvals. On June 5, 1996, the bankruptcy court denied the plaintiffs’ motion for injunctive relief and dissolved the temporary restraining order. The bankruptcy court also denied West One’s request for attorneys’ fees. The district court affirmed the bankruptcy court’s orders.
On the present appeal, Star Phoenix argues that its debt to West One was fully paid and satisfied by virtue of the reorganization plan and therefore there is no remaining debt to recover from the Duvals. West One contends the Duvals are separately and independently liable to it for the amounts still outstanding by virtue of the guaranty agreement. West One argues it did not need to establish a deficiency claim in the bankruptcy proceedings in order to preserve its rights against the Duvals under the guaranty agreement.
I.
The issue presented to us is whether West One has received full satisfaction of the amounts owed to it. If, by accepting the terms of the proposed reorganization plan, West One stipulated that the collateral it received fully repaid the amounts owed, then West One should now be precluded from collecting against the Duvals. Such full satisfaction would in itself release the Duvals’ obligation under the guaranty because there would be no outstanding debt. If, however, the plan does not determine the status of the debt owed to West One, but rather resolved only how much Star Phoenix owed West One in the bankruptcy context, then West One is entitled to recover the outstanding debt under the guaranty agreement.
We conclude that the collateral West One received under the bankruptcy plan did not fully satisfy the debt owed to West One.[2] Star Phoenix treats West One’s failure to timely file a deficiency claim as an admission that the value of the collateral fully secured the debt. It is possible, however, that West One did not pursue its entire claim against Star Phoenix in the bankruptcy proceeding because it chose instead to obtain payment of the debt from the Duvals under the guaranty. In any event, a deficiency existed. By not filing a deficiency claim, West One forfeited its right to collect from Star Phoenix; it did not however, forfeit its right to collect the remaining deficiency from the Duvals.
Furthermore, West One’s failure to preserve a deficiency claim should not be deemed to modify or alter its rights to collect from the Duvals under the guaranty agreement. As the Fifth Circuit has observed: “[A] creditor’s approval of the plan cannot be deemed an act of assent having significance beyond the confines of the bankruptcy proceedings.” Matter of Sandy Ridge Development Corp., 881 F.2d 1346, 1351 (5th Cir.1989) (quoting Union Carbide Corp. v. Newboles, 686 F.2d 593, 595 (7th Cir.1982)); see In re Kornbluth, 65 F.2d 400, 402 (2d Cir.1933). The guaranty agreement in this case provides that no payments made upon the indebtedness will discharge or diminish the guarantors’ liability for the remaining indebt *1148 edness. Commercial Guaranty between Star Phoenix, West One Bank and Frank Duval, at p. 1. In the guaranty agreement, the Du-vals expressly waived their right to assert a defense based upon the “cessation of Borrower’s liability from any cause whatsoever other than payment in full of the Indebtedness of Borrower.” Id. at p. 2. To regard West One’s failure to file a deficiency claim and failure to reject the plan as binding West One outside the bankruptcy context would in effect significantly modify the terms of the guaranty agreement. West One would lose the full range of remedial power it originally bargained for with the Duvals. For these reasons, West One’s consent to the plan should not bear significance outside the context of the bankruptcy proceeding.
Finally, as the district court pointed out, the Eighth Circuit reached the same conclusion in a similar case. In United States v. Tharp, 973 F.2d 619 (8th Cir.1992), Tharp Brothers, Inc. (“Tharp Brothers”) obtained a loan from the Small Business Administration (“SBA”) and secured the loan with a mortgage and a security agreement. The owners of Tharp Brothers also executed a personal guaranty agreement. Tharp Brothers later filed a Chapter 11 bankruptcy petition and a Chapter 11 Plan of Liquidation. Pursuant to the plan, the mortgaged collateral was sold and the warranty deed state'd that the property was being conveyed in consideration of the extinguishment of all debt Tharp Brothers owed to SBA. SBA then sought payment of the remaining debt from the guarantors, asserting they remained personally liable under the guaranty agreements. The Eighth Circuit affirmed the district court’s decision and held that: “[T]he discharge of [Tharp Brothers] in bankruptcy in no way relieved the Tharps of their obligations under the guaranty agreements.” Id. at 622.
II.
West One appeals the district court’s denial of its attorneys’ fees. The guaranty agreement between West One and the Du-vals provides for the payment of West One’s attorneys’ fees incurred in connection with the enforcement of the guaranty and the collection of the indebtedness of Star Phoenix. At this time, West One is not entitled to an award of attorneys’ fees under the guaranty agreement. Star Phoenix and the Du-vals initiated this adversary proceeding in bankruptcy court to determine an issue of federal bankruptcy law, namely, whether the confirmation of the reorganization plan discharged the guarantors’ obligations. This case has not involved the enforcement of the guaranty or the collection of the underlying debt. Therefore, the request for attorneys’ fees pursuant to the guaranty agreement is premature. We therefore vacate the district court’s order and dismiss the cross-appeal without prejudice and find the claim for attorney fees to be premature and not ripe for adjudication.
CONCLUSION
We therefore AFFIRM the district court’s order denying the permanent injunction; we vacate the district court’s order denying attorney fees.

. On the same day, the Duvals also confessed judgment in favor of West One in the amount of $130,908.61 based upon separate, independent obligations the Duvals had to West One.

. In a typical Chapter 11 proceeding, the confirmation of the reorganization plan discharges the debtor of any debt that arose prior to the confirmation. 11 U.S.C. § 1141(d)(1). That "discharge” does not result in the extinguishment of the underlying debt but merely releases the debt- or from personal liability. Matter of Edgeworth, 993 F.2d 51, 53 (5th Cir.1993). It is also well-established that the discharge of the principal debtor in bankruptcy will not discharge the liabilities of codebtors or guarantors. See 11
U.S.C. f 524(e); Underhill v. Royal, 769 F.2d 1426, 1432 (9th Cir.1985). This court has held that, under Section 524(e), a bankruptcy court does not have the power to discharge the liabilities of a bankrupt's guarantor. Underhill, 769 F.2d at 1432.
These principles do not apply in this case, however, because Star Phoenix filed a liquidating Chapter 11 plan. The confirmed plan, therefore, did not “discharge" Star Phoenix's debts; it liquidated them. See 11 U.S.C. § 1141(d)(3).